SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONONDAGA

---

KAMILLA S. PECK,

               Plaintiff,

      v.

COUNTY OF ONONDAGA, NEW YORK;
ONONDAGA COUNTY SHERIFF EUGENE CONWAY;
UNDERSHERIFF JASON CASSALIA;  CHIEF KATHERINE TRASK;
SERGEANT JONATHAN SEEBER; DEPUTY KELLY SEEBER;
CHIEF DEPUTY SUSAN DeMARI; DIRECTOR OF EMPLOYEE
RELATIONS DAWN CURRY-CLARRY;
HUMAN RESOURCES MANAGER PAUL SMITH;  CAPTAIN
PAULA PELLIZZARI;  CHIEF ESTEBAN GONZALEZ;
and JOHN DOE(S) and JANE DOE(S), in their individual and official
capacities as officials, officers, agents, employees, and/or representatives
of Onondaga County and/or the Onondaga County Sheriff's Office,

               Defendants.

Plaintiff designates
Onondaga County as the
place of trial.

**SUMMONS**

---

TO THE ABOVE NAMED DEFENDANTS:

     YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a

copy of your answer or, if the Complaint is not served with this Summons, to serve a Notice of

Appearance on Plaintiff's attorney within twenty (20) days after service of this Summons, exclusive

of the day of service, or within thirty (30) days after service is complete if this Summons is not

personally delivered to you within the State of New York.  In case of your failure to appear or

answer, judgment will be taken against you by default for the relief demanded below.

     Venue is based on CPLR § 504(2).

Dated:  May 13, 2021
at Blossvale, New York

A.J. Bosman, Esq.
Bosman Law, L.L.C.
*Attorneys for Plaintiff*
Office and Post Office Address
3000 McConnellsville Road
Blossvale, New York 13308
Telephone: (315) 820-4417

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONONDAGA

—————————————————————

KAMILLA S. PECK,

                Plaintiff,

      v.

COUNTY OF ONONDAGA, NEW YORK;
ONONDAGA COUNTY SHERIFF EUGENE CONWAY;
UNDERSHERIFF JASON CASSALIA;  CHIEF KATHERINE TRASK;
SERGEANT JONATHAN SEEBER; DEPUTY KELLY SEEBER;
CHIEF DEPUTY SUSAN DeMARI; DIRECTOR OF EMPLOYEE
RELATIONS DAWN CURRY-CLARRY;
HUMAN RESOURCES MANAGER PAUL SMITH;  CAPTAIN
PAULA PELLIZZARI;  CHIEF ESTEBAN GONZALEZ;
and JOHN DOE(S) and JANE DOE(S), in their individual and official
capacities as officials, officers, agents, employees, and/or representatives
of Onondaga County and/or the Onondaga County Sheriff's Office,

                Defendants.

**Jury Trial Demanded**

**<u>COMPLAINT</u>**

—————————————————————

      Plaintiff KAMILLA S. PECK, by and through her attorneys, Bosman Law, L.L.C., as and

for a Complaint against Defendants, COUNTY OF ONONDAGA, NEW YORK;  ONONDAGA

COUNTY SHERIFF EUGENE CONWAY;  UNDERSHERIFF JASON CASSALIA;  CHIEF

KATHERINE TRASK;  SERGEANT JONATHAN SEEBER; DEPUTY KELLY SEEBER;

CHIEF DEPUTY SUSAN DeMARI; DIRECTOR OF EMPLOYEE RELATIONS DAWN

CURRY-CLARRY;  HUMAN RESOURCES MANAGER PAUL SMITH;  CAPTAIN PAULA

PELLIZZARI;  CHIEF ESTEBAN GONZALEZ;  and JOHN DOE(S) and JANE DOE(S), in

their individual and official capacities as officials, officers, agents, employees, and/or

representatives of Onondaga County and/or the Onondaga County Sheriff's Office, alleges as

follows:

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 05/13/2021

## PRELIMINARY STATEMENT

1.  This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); 42 U.S.C. § 1983 based on rights under the First and Fourteenth Amendments to the United States Constitution as well as 42 U.S.C. § 1981; the New York State Human Rights Law, N.Y. Exec. Law §§ 296, et seq. ("Human Rights Law"); the New York Civil Rights Law § 79-n; the Constitution of the State of New York; and New York State common law.

## JURISDICTION

2.  Jurisdiction is conferred upon this Court pursuant to the Constitution and laws of the State of New York and the United States of America.

## VENUE

3.  Venue is proper in Onondaga County pursuant to CPLR 504(2).

## PARTIES

4.  Plaintiff, Kamilla Peck, is a female citizen of the United States and a resident of the County of Onondaga and State of New York. She was at all times relevant herein an employee of the Onondaga County Sheriff's Office since on or about April 10, 2006. Plaintiff's position in the Sheriff's Office is Sheriff Deputy-Custody. At all times relevant hereto, she was assigned to the Community Relations Unit located at the Sheriff's Office Headquarters located at 407 South State Street, Syracuse, New York 13202.

5.  Defendant County of Onondaga, New York, is a municipal corporation organized and existing under the laws of the State of New York and at all relevant times had its principal place of business at 421 Montgomery Street, Syracuse, New York 13202. At all times relevant hereto, this Defendant employed the Plaintiff and the hereinbefore named individual Defendants.

6. Defendant Onondaga County Sheriff's Office is a part of the County of Onondaga municipal corporation organized and existing under the laws of the State of New York and at all relevant times had its principal place of business at 407 South State Street, Syracuse, New York 13202. Onondaga County and the Onondaga County Sheriff's Office are by law responsible for the wrongdoing of their officers and employees and by law responsible for the direct participation and endorsement of the unconstitutional and unlawful customs, policies, and practices of the other Defendants. These Defendants were also aware, through their officers, representatives, and agents, of the long-standing unlawful customs, policies and practices of the other named Defendants, and deliberately and/or negligently failed to take action to correct the unlawful customs, policies and practices of the other Defendants.

7. Defendant, Eugene Conway, at all times relevant to this Complaint is the duly elected Sheriff of Defendant Onondaga County and as such is the employer of Plaintiff and a policymaking official within the Onondaga County Sheriff's Office, carrying out the directives and enforcing and enacting policies and acts, both as recommended by him and as endorsed by the Onondaga County Sheriff's Office and Defendant County.

8. Defendant, Jason Cassalia, at all times relevant to this Complaint is the duly appointed Undersheriff of Defendant Onondaga County and as such is the employer of Plaintiff and a policymaking official within the Onondaga County Sheriff's Office, carrying out the directives and enforcing and enacting policies and acts, both as recommended by him and as endorsed by the Onondaga County Sheriff's Office and Defendant County.  He was on notice of the discriminatory and retaliatory treatment towards Plaintiff and failed to take any corrective or remedial action.

-3-

5 of 31

9. Defendant, Chief Katherine Trask, at all times relevant to this Complaint, was a duly appointed Chief Deputy for the Onondaga County Sheriff's Office and as such is the employer of Plaintiff and Defendants Sergeant Seeber and Deputy Seeber. She is responsible, among other things, for training, supervision, discipline, and conduct of these other named Defendants, who are also Plaintiff's supervisors. She is also responsible, by law, for enforcing the rules and regulations of the State of New York and County of Onondaga for insuring that employees of the Onondaga County Sheriff's Office obey the laws of the State of New York and the United States. As Plaintiff's supervisor during her employment, she had the power to make personnel decisions regarding Plaintiff's employment.

10. Defendant, Sergeant Jonathan Seeber, at all times relevant to this complaint, was a duly sworn Sergeant for the Onondaga County Sheriff's Office and as such is the employer of Plaintiff and Defendant Deputy Seeber. He is responsible, among other things, for training, supervision, discipline, and conduct of this other named Defendant. He is also responsible, by law, for enforcing the rules and regulations of the State of New York and County of Onondaga for insuring that employees of the Onondaga County Sheriff's Office obey the laws of the State of New York and the United States. As Plaintiff's supervisor during her employment, he had the power to make personnel decisions regarding Plaintiff's employment.

11. Defendant Deputy Kelly Seeber, at all times relevant to this complaint, was a duly sworn Deputy for the Onondaga County Sheriff's Office. Defendant Kelly Seeber acted in concert with Defendants Katherine Trask and Jonathan Seeber, and the other Defendants.

12. Defendant, Chief Deputy Susan DeMari, at all times relevant to this complaint, was the duly appointed Chief Deputy for the Onondaga County Sheriff's Office and as such is the

employer of Plaintiff and Defendants, Chief Trask, Sergeant Seeber and Deputy Seeber.  She is

responsible, among other things, for training, supervision, discipline, and conduct of these other

named Defendants, who are also Plaintiff's supervisors. She is also responsible, by law, for

enforcing the rules and regulations of the State of New York and County of Onondaga for

insuring that employees of the Onondaga County Sheriff's Office obey the laws of the State of

New York and the United States. As Plaintiff's supervisor during her employment, she had the

power to make personnel decisions regarding Plaintiff's employment. Defendant DeMari acted in

concert with Defendants Katherine Trask, Jonathan Seeber, and Kelly Seeber and the other

Defendants.

  13.  Defendant, Dawn Curry-Clarry, at all times relevant to this complaint, was the duly

appointed Director of Employee Relations in the Personnel Department for Onondaga County.

Defendant Curry-Clarry acted in concert with Defendants Katherine Trask, Jonathan Seeber and

the other Defendants.

  14.  Defendant, Paul Smith, at all times relevant to this Complaint, was the duly

appointed Human Resources Manager of the Onondaga County Sheriff's Department.  Defendant

Smith acted in concert with Defendants DeMari and Pellizzari and the other Defendants.

  15.  Defendant, Esteban Gonzalez, was the duly appointed Chief Custody Deputy for the

Onondaga County Sheriff's Office and as such was the employer of Plaintiff.  He was

responsible for denying Plaintiff promotional positions and/or acted in concert with one or more

co-Defendant to deny Plaintiff promotions.

  16.  All of the above-named Defendants are responsible for the establishment and

perpetuation of a hostile work environment and discriminatory and retaliatory policies, customs,

practices and habits complained of herein and also aided and abetted the unlawful conduct described herein. Defendants all are equally responsible and legally accountable for the unlawful conduct of each other for their actions and/or failing to intercede and prevent the unlawful, hostile, discriminatory and retaliatory conduct.

17.  During all times mentioned in this Complaint, Defendants were acting within the scope of their employment and under color of law, namely, under color of the Constitution, statutes, laws, charters, ordinances, rules, regulations, customs, and usages of the State of New York and the County of Onondaga in the State of New York.

## CONDITIONS PRECEDENT

18.  On or about June 30, 2020, Plaintiff filed a complaint of discrimination and retaliation with the New York State Division of Human Rights ("Division of Human Rights"). Plaintiff's Division of Human Rights' complaint was cross filed with the U.S. Equal Employment Opportunity Commission ("EEOC") pursuant to a work-share agreement between the two agencies.

19.  On or about September 1, 2020, Plaintiff filed a complaint of discrimination and retaliation with the EEOC.  Plaintiff's EEOC complaint was cross filed with the Division of Human Rights.

20.  On or about September 8, 2020, the Division of Human Rights issued an Order of Dismissal for Administrative Convenience.

21.  On or about May 6, 2021, the Department of Justice issued Plaintiff a Right to Sue letter.

22.  On or about August 31, 2020, a verified Notice of Claim was duly and timely served

on the Defendant County of Onondaga. At least 30 days has elapsed since service of such Notice of Claim and payment thereof has been refused.

23. Plaintiff has commenced the instant action within the time limits allotted therefor.

## FACTS

24. The instant claims are based on a continuing and ongoing course of wrongful and unlawful conduct by Defendants to subject Plaintiff to discrimination on the basis of race, gender, and religion, and to retaliate against her for complaining about discrimination. This discriminatory and retaliatory conduct occurred throughout the course of Plaintiff's employment and continues to the present date.

25. Defendants have a duty to Plaintiff, by contract, statute, and common law to provide Plaintiff a safe and harassment-free workplace free of intimidation, retaliation, bullying, or intentional infliction of emotional distress. Defendants knew, both collectively and individually, that Chief Trask, Sergeant Seeber, and Deputy Seeber, were mistreating, harassing, and intimidating Plaintiff yet failed to act to protect Plaintiff from such conduct and facilitated and perpetuated such unlawful treatment of the Plaintiff. Defendants negligently and/or with reckless disregard to Plaintiff's rights acted both individually and in concert to threaten her, mock her, ostracize her, and invade her privacy. On information and belief, the Defendant Onondaga County Sheriff's Office did not allow such actions toward male employees. When Plaintiff opposed this harassing and discriminatory treatment and participated in processes of the Equal Employment Opportunity Commission/New York State Division of Human Rights, Defendants retaliated against her. Further, Plaintiff was held to higher performance standards, given less favorable assignments, and repeatedly passed over for promotions to Sergeant in favor of white

NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 05/13/2021

and/or male candidates despite being as qualified or more qualified for the position.

26.    At all times relevant herein, Kamilla Peck was an "Employee" of the Defendants and the Defendants were "Employers" of Plaintiff and/or aiders and abettors as provided for by the Human Rights Law of the State of New York.

27.    Plaintiff is a Black female and her protected status is known to Defendants as Defendants and/or those within their employ have regularly mocked and ridiculed Plaintiff because of her minority dialect and made derogatory remarks about Plaintiff and/or her race during the course of her employment at the Onondaga County Sheriff's Office.

28.    The acts of the Defendants are such that they had both actual and constructive knowledge of the misconduct of Katherine Trask and Jonathan Seeber and as such are jointly and severally liable to Plaintiff for the unlawful discrimination, harassment, humiliation, and other damages caused to her.

29.    At all times relevant to this Complaint, Defendants acted both individually and/or jointly and in concert with each other.  Each Defendant had the duty and the opportunity to protect Plaintiff from the unlawful actions of the other Defendants but each Defendant failed and/or refused to perform such duty, thereby proximately contributing to and causing Plaintiff's injuries.

30.    Plaintiff has been and continues to be subjected to a work environment which permits the use of derogatory statements, jokes, images, and other offensive conduct based on race and gender.  When Plaintiff was first transferred to the Community Relations Unit, Sergeant Seeber met with Plaintiff in his office and stated to her, "Kamilla, so I have to tell you, the only reason that we brought you in to the unit is because you are Black." Sergeant Seeber regularly

sends Plaintiff "Black" hand emojis and, together with Chief Trask, makes fun of and mocks Plaintiff's urban dialect, stating such things as "Yeah, I am going to do DAT!"

31. Defendants Sergeant Seeber and Deputy Seeber identified Plaintiff on their regularly used electronic device as a black maid in a movie. Plaintiff was subjected to extreme emotional distress when she discovered that these two Defendants have imagery of the Black actress Octavia Spencer in her role as a maid in "The Help" under her name on Deputy Seeber's phone. Plaintiff protested the comparison and asked that it be removed but her requests were refused. Deputy Seeber showed Chief Trask the phone and said "doesn't this look like Kamilla?" Chief Trask stated "Yep, it looks exactly like Kamilla." Plaintiff became even more upset and let them know she did not appreciate the comparison. Sergeant Seeber then started laughing and told Plaintiff to "relax," "get a thick skin," and to "stop taking things so personal." These and other racially disparaging comments are regular and continuous in the Onondaga County Sheriff's Office and have pervaded Plaintiff's work place on a constant basis over the course of her employment. Plaintiff was subjected to defamation and mocking by co-workers who were allowed and/or invited to review video footage of Plaintiff as she suffered an on duty injury, claiming to other co-workers that she was faking her injury.

32. Plaintiff has also been subjected to the denial of benefits and due process associated with her on duty injury. By letter dated February 18, 2020, Defendants denied Claimant 207-c benefits and thereafter ignored Plaintiff's appeal; this action was done without due process and was discriminatory. Plaintiff was denied restoration of medically necessary leave time. Upon information and belief, on duty injuries of a similar nature sustained by White male co-workers were not challenged nor denied.

NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 05/13/2021

33. Plaintiff was also denied promotions in favor of less qualified officers outside her protected class. In 2017, she was passed over for promotion in favor of White male officers. On or about November 4, 2019, Claimant interviewed for the Sergeant's position. Claimant was again passed over for promotion to the position of Sergeant in favor of an Hispanic male and a White female.

34. Plaintiff was also subjected to racial discrimination and gender stereotyping on or about June 1st, 2020, when Defendant Jonathan Seeber told her, in sum and substance, that George Floyd's death was not a result of racial discrimination but just a "death in custody" and that she had been "brainwashed" and subjected to undue influence of the media in believing otherwise.

35. Plaintiff has been and continues to be held to greater scrutiny and higher standards of performance and restrictions than her White counterparts. She was subjected to repeated undue and unwarranted scrutiny of her performance and conduct at work including false accusations of misconduct and discriminatory investigations. This undue and unwarranted scrutiny has pervaded Plaintiff's work environment, particularly since she began to complain about the discriminatory treatment. Plaintiff was also subjected to unwarranted hostility from Defendants. For example, Sergeant Seeber constantly threatens to "throw [Plaintiff's] ass back to the jail!" He sent Plaintiff a text message on January 29, 2020 stating that if she didn't call him immediately he would have her "transfer papers set for the jail!!!!!"

36. Plaintiff was also subjected to conduct designed to degrade and demean her on the basis of her race, gender, religion, and/or protected activity. When she complained about this clearly discriminatory action, her complaints were ignored and/or were not listened to.

-10-

37. Plaintiff made complaints about the discriminatory and hostile work environment internally on or about June 11th, 2020 to Defendants, Jonathan Seeber and Chief Trask. Seeber and Trask subsequently chose Katie Kruger as a car seat re-certification instructor because of Kruger's well-known dislike for Plaintiff. Such a requirement was not imposed on Heather Poland, Plaintiff's White co-worker. Plaintiff was not provided or offered any written complaint form to file formally at that time. Thereafter, on June 15th, Plaintiff was subjected to more hostility and ganged up on by Seeber and Trask, who asked in a loud tone why her computer was not on and what time she arrived. Trask demanded, in the presence of Plaintiff's co-workers, that Sergeant Seeber "write her up" for not producing a feedback email.

38. At a "mediation" held on June 16, 2020, Plaintiff again recounted discriminatory and retaliatory conduct, including but not limited to, the car seat re-certification by an openly hostile instructor not required of other employees; the use of Octavia Spencer's image as a maid substituted for Plaintiff; the unit-wide display and repeated mocking playing of a video of Plaintiff's injury; the discriminatory and retaliatory threats of a write-up for a late email response; the use of Black emojis; disrespectful and belittling verbal treatment of the Plaintiff; repeated statement to Plaintiff that she should not "sound like Frank Fowler" (former Black Chief of Police for the City of Syracuse) using her natural dialect.

39. Plaintiff was provided a complaint form and instructed to fill it out on or about June 18th by Chief DeMari. Plaintiff also complained to Sheriff Conway about the hostile and discriminatory treatment she was facing. When Plaintiff returned to her workplace with the completed form on June 22, 2020, she found that her desk had clearly been rifled and gone through as items on her desk were missing and/or disheveled. Plaintiff left in a panic to deliver

her complaint in person to the Dawn Clarry in the Personnel Office. She was immediately placed on Administrative leave until July 27, 2020. Chief DeMari, after providing the complaint form to Plaintiff, retaliated and further discriminated against Plaintiff by commencing an internal affairs investigation concerning Plaintiff purportedly leaving eight minutes early. This was a spurious claim and instigated in bad faith; no such actions were taken against White co-workers who had not made claims of discrimination.

40.  During Plaintiff's administrative leave, she was summoned for a meeting to review the investigative "results" or conclusion. Vanessa Campbell and Dawn Clarry were present along with Plaintiff's husband. Not only was the investigation inaccurate and incomplete, Plaintiff was again subjected to retaliatory conduct by Dawn Curry-Clarry who alleged, incorrectly, that Plaintiff had herself engaged in "unprofessional" conduct.

41.  Defendants' adverse treatment of Plaintiff continued and escalated thereafter.  She was and continues to be subjected to a continuing course of discrimination and retaliation. Plaintiff's working conditions were made intolerable when Defendants, *inter alia*, caused her to be given assignments never before issued to White officers in her position (i.e., relegating her to count every single community relations item in the Community Relations office and basement); searching and going through her desk and personal items; referring her for an internal affairs investigation questioning her time on duty; moving her office and taking away her work vehicle which was a marked car; failing to credit Plaintiff's word, and deliberately or negligently failing to conduct a thorough and unbiased investigation; falsely accusing her of wrongful conduct after she made her discrimination complaints; lying to her and/or investigators about facts and circumstances of the treatment of Plaintiff; and advising Plaintiff's co-workers to "stay away"

from her.

42. Plaintiff's work environment became hostile and tainted with discriminatory and
retaliatory treatment and animus by the actions of Defendants, rendering said environment
demeaning and unsafe. Upon information and belief, one or more Defendants also mocked and
disparaged Plaintiff's religious belief and/or practices to each other and/or co-workers.

43. Plaintiff was subjected to continuing discrimination and retaliation since the filing of
her Notice of Claim and EEOC Complaint.

44. Plaintiff's 2019 on-the-job injury caused her to be taken out of work by her treating
healthcare providers in September 2020 and she was absent from work until early November
2020. When she returned, she had most of her job duties eliminated and she was relegated to
perform menial tasks. She was also issued discriminatory and/or retaliatory discipline.

45. Plaintiff's 2019 on-the-job injury cased her to be taken out of work again in mid-
November 2020. Plaintiff's healthcare providers provided medical excuses to Defendants
excusing Plaintiff's absences from work. Defendants did not advise Plaintiff or her providers that
the medical excuses were inadequate or insufficient, nor that additional paperwork was needed.

46. On or about January 28, 2021, Plaintiff received a letter from Defendant Smith
claiming that she failed to submit an "Appendix C," a form specified in a Collective Bargaining
Agreement (CBA) to be completed by an employee's healthcare provider. The letter threatened
discipline, stating "all of your absences will be chargeable offenses under Article 35 of your
Collective Bargaining Agreement and can lead to discipline up to and including termination."

47. Upon information and belief, injured officers nor their healthcare providers have
been required to submit this form. As a matter of practice, Defendants have not required such

NYSCEF DOC. NO. 1                                                      RECEIVED NYSCEF: 05/13/2021

form be submitted. Plaintiff was subjected to discriminatory and retaliatory disparate treatment as other similarly situated officers were not expected nor required to comply with this provision of the CBA.

48. On February 5, 2021, Plaintiff engaged in further protected activity by filing a letter, of which Defendants were aware, requesting the EEOC issue a Right to Sue letter.

49. On or about February 11, 2021, Defendants summoned two Civil Deputies to Plaintiff's home unsolicited and unannounced, reportedly to serve Plaintiff with personnel paperwork that could have easily be sent via e-mail or regular mail. Plaintiff was not home on either occasion. These Deputies arrived at Plaintiff's house in a police vehicle and banged on Plaintiff's door several times, frightening Plaintiff's children. Defendants sought to intimidate Plaintiff and her family and did so to retaliate against Plaintiff and discourage her from pursuing legal recourse for her discrimination and retaliation claims.

50. On or about March 2, 2021, Plaintiff was threatened with a suspension without pay and ordered to surrender her duty equipment by Defendant Pellizzari. Defendant DeMari sought to suspend Plaintiff for three days for not completing the aforementioned "Appendix C" and wanted Plaintiff to receive the disciplinary charge in person and to sign for it. Other officers out on an on-the-job injury have not been required to surrender their equipment. In fact, the Sheriff's Department's policy expressly provides that members absent due to an on-the-job injury are not required to surrender their equipment. This disparate treatment was yet another act of discrimination and retaliation.

51. As a result of Defendants' unlawful actions and omissions, Plaintiff has been financially and personally harmed, subjected to, *inter alia*, severe emotional distress, humiliation,

indignity, shame, damage to her good name, and physical manifestations of said harm; all harms

substantially and proximately caused by the acts and omissions of the Defendants as set forth

herein.

52.   Plaintiff is a civil service employee and a member of the Union and, as such, is

protected by the contract in effect entered into by the Defendant Onondaga County Sheriff's

Office with its employees.  Such contract provides for the fair and equal treatment in matters of

pay and terms of employment without regard to gender, race, age, or other classification.  The

treatment of Plaintiff is rife with discriminatory and retaliatory animus as well as reckless

disregard for the guarantees of equal protection without regard to race or gender.

53.   Defendants' actions and omissions are in violation of Plaintiff's rights under the New

York State Human Rights Law and laws preventing discrimination and violation of civil rights.

Defendants have participated in, allowed, and condoned or maintained a long standing custom,

policy, and practice of allowing the harassment, retaliation, and hostile treatment and

discrimination against Black women and those who report or claim discrimination.

54.   Defendants foster an atmosphere of discrimination, retaliation, hostility, and

harassment. Defendants, having both direct and constructive knowledge of discrimination and

retaliation, have deliberately, recklessly and/or negligently participated in such acts and/or failed

to cease or discourage such practices.  Despite knowledge of such practices and treatment,

Defendants deliberately and/or recklessly failed to correct, eliminate, or cease such practices nor

seek good faith solutions to said practices.

55.   Instead, Defendants have encouraged, approved, continued, expanded, concealed,

and participated in the hostile, illegal, discriminatory, and unconstitutional practices to the

detriment and injury of Plaintiff by denying her equal terms and conditions of employment.

56. As set forth above, Defendants acted with malice or with reckless disregard for

Plaintiff's contractual and civil rights, causing her to suffer embarrassment, humiliation,

degradation, anxiety, anxiety attacks for which she has been hospitalized, stress, loss of pay, loss

of benefits, harm to reputation and good name, loss of enjoyment of life, insomnia, anger, family

discord, headaches, nervousness, loss of appetite, and pain. The acts of Defendants have injured

Plaintiff and subjected her to extreme emotional harm and injury; she is entitled to compensation

therefor.

### AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO TITLE VII AGAINST DEFENDANT COUNTY OF ONONDAGA FOR DISCRIMINATION BASED ON RACE AND GENDER

57. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1

through 56 above.

58. By engaging in the foregoing conduct, Defendant violated rights guaranteed to

Plaintiff under Title VII in that Plaintiff was subjected to disparate treatment, a hostile work

environment, and otherwise discriminated against in matters relating to her employment because

of race and/or gender.

59. Plaintiff sustained damages by reason of the Defendant's wrongful actions and

omissions and is entitled to compensation therefor.

### AS AND FOR A SECOND CAUSE OF ACTION PURSUANT TO THE HUMAN RIGHTS LAW AGAINST DEFENDANT COUNTY OF ONONDAGA FOR DISCRIMINATION BASED ON RACE AND GENDER

60. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 59 above.

61. By engaging in the foregoing conduct, Defendant violated rights guaranteed to Plaintiff under the Human Rights Law in that Plaintiff was subjected to disparate treatment, a hostile work environment, and otherwise discriminated against in matters relating to her employment because of race and gender.

62. Plaintiff sustained damages by reason of the Defendant's wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A THIRD CAUSE OF ACTION PURSUANT TO THE HUMAN RIGHTS LAW AGAINS DEFENDANTS CONWAY; CASSALIA; TRASK; JONATHAN SEEBER; KELLY SEEBER; DeMARI; CURRY-CLARRY; SMITH; PELLIZZARI; GONZALEZ; AND DOES FOR DISCRIMINATION BASED ON RACE AND GENDER**

63. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 62 above.

64. Defendants Conway, Cassalia, Trask, Jonathan Seeber, Kelly Seeber, DeMari, Curry-Clarry, Smith, Pellizzari, Gonzalez and Does, due to their power to do more than carry out personnel decisions made by others in the course of their employment, are considered "employers" under the Human Rights Law. Alternatively, said Defendants are "aiders and abettors" pursuant to N.Y. Exec. Law § 296(6) and therefore their discrimination and/or retaliation is unlawful.

65. Said Defendants violated rights guaranteed to Plaintiff under the Human Rights Law in that they subjected or aided and abetted others in subjecting Plaintiff to disparate treatment and

discrimination in matters relating to her employment because of race and/or gender, and a hostile work environment.

66. Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A FOURTH CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS COUNTY OF ONONDAGA, CONWAY; CASSALIA; TRASK; JONATHAN SEEBER; KELLY SEEBER; DeMARI; CURRY-CLARRY; SMITH; PELLIZZARI; GONZALEZ; AND DOES FOR DISCRIMINATION BASED ON RACE IN VIOLATION OF 42 U.S.C. § 1981**

67. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 66 above.

68. Defendants County of Onondaga, Conway, Cassalia, Trask, Jonathan Seeber, Kelly Seeber, DeMari, Curry-Clarry, Smith, Pellizzari, Gonzalez and Does violated rights guaranteed to Plaintiff under 42 U.S.C. § 1981 in that they committed acts of discrimination and/or personally participated in the disparate treatment and discrimination of Plaintiff in matters relating to her employment because of her race, and a hostile work environment.

69. Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A FIFTH CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS COUNTY OF ONONDAGA, CONWAY; CASSALIA; TRASK; JONATHAN SEEBER; KELLY SEEBER; DeMARI; CURRY-CLARRY; SMITH; PELLIZZARI; GONZALEZ; AND DOES FOR DISCRIMINATION BASED ON RACE AND GENDER**

70. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 69 above.

71. Defendants County of Onondaga, Conway, Cassalia, Trask, Jonathan Seeber, Kelly Seeber, DeMari, Curry-Clarry, Smith, Pellizzari, Gonzalez and Does violated rights guaranteed to Plaintiff under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution in that they committed acts of discrimination and/or personally participated in the disparate treatment and discrimination of Plaintiff in matters relating to her employment because of her race and/or gender, and a hostile work environment.

72. Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A SIXTH CAUSE OF ACTION PURSUANT TO 42 U.S.C. 1983 AGAINST DEFENDANTS COUNTY OF ONONDAGA, CONWAY; CASSALIA; TRASK; JONATHAN SEEBER; KELLY SEEBER; DeMARI; CURRY-CLARRY; SMITH; PELLIZZARI; GONZALEZ; AND DOES FOR CONSPIRACY TO DISCRIMINATE BASED ON RACE AND GENDER**

73. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 72 above.

-19-

74. Defendants County of Onondaga, Conway, Cassalia, Trask, Jonathan Seeber, Kelly Seeber, DeMari, Curry-Clarry, Smith, Pellizzari, Gonzalez and Does acted jointly and in concert in creating and continuing a hostile work environment based on race and gender and in treating Plaintiff disparately.

75. Such joint activity is an additional violation of the Equal Protection Clause of the Fourteenth Amendment which prohibits conspiracies to deprive individuals of their civil rights.

76. Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A SEVENTH CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1985 AGAINST DEFENDANTS COUNTY OF ONONDAGA, CONWAY; CASSALIA; TRASK; JONATHAN SEEBER; KELLY SEEBER; DeMARI; CURRY-CLARRY; SMITH; PELLIZZARI; GONZALEZ; AND DOES FOR CONSPIRACY TO DEPRIVE PLAINTIFF OF HER RIGHTS TO BE FREE FROM DISCRIMINATION**

77. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 76 above.

78. Defendants County of Onondaga, Conway, Cassalia, Trask, Jonathan Seeber, Kelly Seeber, DeMari, Curry-Clarry, Smith, Pellizzari, Gonzalez and Does acted jointly and in concert in creating and continuing a hostile work environment based on race and/or gender and in treating Plaintiff disparately.

79. Such joint activity is a violation of 42 U.S.C. § 1985.

80. Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

-20-

## AS AND FOR AN EIGHTH CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1986 AGAINST DEFENDANTS CONWAY AND CASSALIA FOR NEGLECTING TO PREVENT A § 1985 CONSPIRACY

81. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 80 above.

82. Defendants Conway and Cassalia, despite having the power to prevent and correct the unlawful conduct proscribed by 42 U.S.C. § 1985 failed and refused to do so.

83. Plaintiff sustained damages by reason of the Defendants' neglect and is entitled to compensation therefor.

## AS AND FOR A NINTH CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE NEW YORK CONSTITUTION ARTICLE I, § 11 AGAINST DEFENDANTS COUNTY OF ONONDAGA, CONWAY; CASSALIA; TRASK; JONATHAN SEEBER; KELLY SEEBER; DeMARI; CURRY-CLARRY; SMITH; PELLIZZARI; GONZALEZ; AND DOES

84. Plaintiff repeats and re-alleges each and every allegation set forth in paragraph 1 through 83 above.

85. Defendants, through acts of omission or commission, violated Plaintiff's right to equal protection of the laws of the State of New York, pursuant to Article I, § 11 of the Constitution of the State of New York in that Plaintiff has been discriminated against based on race and/or gender.

86. Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

-21-

### AS AND FOR A TENTH CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE NEW YORK CIVIL RIGHTS LAW § 79-n AGAINST DEFENDANTS COUNTY OF ONONDAGA, CONWAY; CASSALIA; TRASK; JONATHAN SEEBER; KELLY SEEBER; DeMARI; CURRY-CLARRY; SMITH; PELLIZZARI; GONZALEZ AND DOES

87. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 86 above.

88. Defendants, through acts of omission or commission, intentionally selected Plaintiff for harm, and caused Plaintiff injury and harm as set forth in the preceding paragraphs in whole or in substantial part because of a belief or perception regarding Plaintiff's race and/or gender.

89. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff suffered injury and harm as set forth herein and is entitled to compensation and punitive damages as well as declaratory and injunctive relief.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION PURSUANT TO TITLE VII AGAINST DEFENDANT COUNTY OF ONONDAGA FOR RETALIATION

90. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 89 above.

91. By engaging in the foregoing conduct, Defendant employer violated rights guaranteed to the Plaintiff under Title VII in that Plaintiff was retaliated against for opposing discrimination and participating in Title VII processes.

92. Plaintiff sustained damages by reason of the Defendant's wrongful actions and

-22-

omissions and is entitled to compensation therefor.

## AS AND FOR A TWELFTH CAUSE OF ACTION PURSUANT TO THE HUMAN RIGHTS LAW AGAINST DEFENDANT COUNTY OF ONONDAGA FOR RETALIATION

93.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 92 above.

94.  By engaging in the foregoing conduct, Defendant employer violated rights guaranteed to the Plaintiff under the Human Rights Law in that Plaintiff was retaliated against for opposing discrimination and participating in the Human Rights Law processes.

95.  Plaintiff sustained damages by reason of the Defendant's wrongful actions and omissions and is entitled to compensation therefor.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION PURSUANT TO THE HUMAN RIGHTS LAW AGAINST DEFENDANTS CONWAY; CASSALIA; TRASK; JONATHAN SEEBER; KELLY SEEBER; DeMARI; CURRY-CLARRY; SMITH; PELLIZZARI; AND DOES FOR RETALIATION

96.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 95 above.

97.  Defendants Conway, Cassalia, Trask, Jonathan Seeber, Kelly Seeber, DeMari, Curry-Clarry, Smith, Pellizzari, Gonzalez and Does, due to their power to do more than carry out personnel decisions made by others in the course of their employment, are considered "employers" under the Human Rights Law.  Alternatively, said Defendants are "aiders and abettors" pursuant to N.Y. Exec. Law § 296(6) and therefore their discrimination and/or

-23-

NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 05/13/2021

retaliation is unlawful.

98.   Said Defendants violated rights guaranteed to the Plaintiff under the Human Rights

Law in that they subjected or aided and abetted others in subjecting Plaintiff to disparate

treatment and discrimination in matters relating to her employment because of her opposition to

discrimination and her participation in the Human Rights Law processes.

99.   Plaintiff has sustained damages by reason of the Defendants' wrongful actions and

omissions and is entitled to compensation therefor.

**AS AND FOR A FOURTEENTH CAUSE OF
ACTION PURSUANT TO 42 U.S.C. § 1983
AGAINST DEFENDANTS COUNTY OF
ONONDAGA, CONWAY; CASSALIA; TRASK;
JONATHAN SEEBER; KELLY SEEBER;
DeMARI;   CURRY-CLARRY;   SMITH;
PELLIZZARI; AND DOES FOR RETALIATION
IN VIOLATION OF 42 U.S.C. § 1981**

100.   Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1

through 99 above.

101.   By engaging in the foregoing conduct, Defendants violated rights guaranteed to the

Plaintiff under 42 U.S.C. § 1981 in that Plaintiff was retaliated against for opposing

discrimination based on race.

102.   Plaintiff sustained damages by reason of the Defendants' wrongful actions and

omissions and is entitled to compensation therefor.

**AS AND FOR A FIFTEENTH CAUSE OF
ACTION PURSUANT TO 42 U.S.C. § 1983
AGAINST DEFENDANTS DEFENDANTS
COUNTY OF ONONDAGA, CONWAY;
CASSALIA; TRASK; JONATHAN SEEBER;
KELLY SEEBER; DeMARI; CURRY-CLARRY;
SMITH; PELLIZZARI; AND DOES FOR
RETALIATION**

103. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 102 above.

104. By engaging in the foregoing conduct, Defendants violated rights guaranteed to the Plaintiff under the First Amendment to the United States Constitution in that Plaintiff was retaliated against for opposing discrimination in public employment and expression on matters of public concern.

105. Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A SIXTEENTH CAUSE OF
ACTION PURSUANT TO 42 U.S.C. § 1983
AGAINST DEFENDANTS DEFENDANTS
COUNTY OF ONONDAGA, CONWAY;
CASSALIA; TRASK; JONATHAN SEEBER;
KELLY SEEBER; DeMARI; CURRY-CLARRY;
SMITH; PELLIZZARI; AND DOES FOR
RETALIATION**

106. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 105 above.

107. By engaging in the foregoing conduct, Defendants violated rights guaranteed to the Plaintiff under the Fourteenth Amendment to the United States Constitution in that Plaintiff was retaliated against because of her opposition to race/gender discrimination and retaliation.

-25-

108. Plaintiff sustained damages by reason of the Defendants' wrongful actions and

omissions and is entitled to compensation therefor.

> **AS AND FOR A SEVENTEENTH CAUSE OF
> ACTION FOR VIOLATION OF PLAINTIFF'S
> RIGHTS UNDER THE NEW YORK
> CONSTITUTION ARTICLE I, § 8 AGAINST
> DEFENDANTS COUNTY OF ONONDAGA,
> CONWAY; CASSALIA; TRASK; JONATHAN
> SEEBER; KELLY SEEBER; DeMARI; CURRY-
> CLARRY; SMITH; PELLIZZARI; AND DOES**

109. Plaintiff repeats and re-alleges each and every allegation set forth in paragraph 1

through 108 above.

110. Defendants, through acts of omission or commission, violated Plaintiff's right to

free speech, pursuant to Article I, § 8 of the Constitution of the State of New York in that

Plaintiff was retaliated against for opposing discrimination in public employment and expression

on matters of public concern.

111. Plaintiff sustained damages by reason of the Defendants' wrongful actions and

omissions and is entitled to compensation therefor.

> **AS AND FOR AN EIGHTEENTH CAUSE OF
> ACTION FOR INTENTIONAL AND/OR
> RECKLESS INFLICTION OF EMOTIONAL
> DISTRESS AGAINST DEFENDANTS TRASK;
> JONATHAN SEEBER; KELLY SEEBER;
> DeMARI; CURRY-CLARRY; SMITH;
> PELLIZZARI AND DOES**

112. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1

through 111 above.

113. Defendants engaged in extreme and outrageous conduct as demonstrated

by their actions set forth above.

-26-

114. Upon information and belief, Defendants intended to cause Plaintiff severe emotional distress. Alternatively, Defendants disregarded a substantial probability that their conduct would cause severe emotional distress.

115. As a direct and proximate result of Defendants' extreme and outrageous conduct, Plaintiff has suffered severe emotional distress for which she has sought and received medical treatment, including hospitalizations, and is entitled to compensation therefor.

**AS AND FOR A NINETEENTH CAUSE OF ACTION AGAINST DEFENDANTS TRASK; JONATHAN SEEBER; KELLY SEEBER; DeMARI; CURRY-CLARRY; SMITH; PELLIZZARI; GONZALEZ; AND DOES FOR TORTIOUS INTERFERENCE**

116. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 115 above.

117. By their aforementioned actions and omissions, Defendants intentionally interfered with Plaintiff's employment with the County of Onondaga and the Collective Bargaining Agreement between Defendant County and the Onondaga County Sheriff's Department Association.

118. As a result, Plaintiff sustained damages as aforementioned.

**AS AND FOR A TWENTIETH CAUSE OF ACTION AGAINST DEFENDANTS TRASK; JONATHAN SEEBER; KELLY SEEBER; DeMARI; CURRY-CLARRY; SMITH; PELLIZZARI; GONZALEZ; AND DOES FOR *PRIMA FACIE* TORT**

119. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 118 with the same force and effect as if set forth fully herein.

120.  Defendants intended to inflict harm upon the pecuniary interests of the Plaintiff by engaging in the aforementioned actions and omissions.

121.  Defendants had no legal justification or excuse to act in such manner and their actions and/or omissions were unlawful.

122.  The aforesaid acts and/or omissions of Defendants were intended to cause harm and injury to Plaintiff and, as a result, Plaintiff has suffered damages in the form of denial of wages and benefits and is entitled to recover for those injuries and damages.

**WHEREFORE**, the Plaintiff seeks judgment against the Defendants, jointly and severally, as follows:

a.  an Order enjoining the Defendants from further violating Plaintiff's rights and providing the following injunctive relief:

1.  Order Defendants to elevate Plaintiff to the Sergeant's position and reimburse her for lost pay and benefits;

2. Require the Defendants to review and correct all unconstitutional and discriminatory treatment and conduct within the Onondaga County Sheriff's Department;

3. Provide equal training, opportunities, terms, benefits, and pay to Black and female employees in the Onondaga County Sheriff's Department;

4. Mandate training and educational programs for employees about discrimination and retaliation; and

5. Require annual reports demonstrating efforts and success at compliance in providing a discrimination and retaliation-free workplace.

-28-

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 05/13/2021

b.  compensatory damages in an amount to be determined at trial (said amount exceeding the jurisdiction of all lower courts);

c.  punitive damages as against the individuals in an amount to be determined at trial (said amount exceeding the jurisdiction of all lower courts);

d.  attorneys' fees, costs and disbursements of this action; and

e.  such other and further relief the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated:  May 13, 2021

A.J. Bosman, Esq.
Bosman Law, L.L.C.
*Attorneys for Plaintiff*
Office and Post Office Address:
3000 McConnellsville Road
Blossvale, New York 13308
Telephone: (315) 820-4417