~~SUPREME~~ UNITED STATES DISTRICT COURT ~~OF THE STATE~~
NORTHERN DISTRICT OF NEW YORK
~~COUNTY OF ONONDAGA~~

_____

KAMILLA S. PECK,

|  |  |
|---|---|
| ~~Plaintiff,~~ | Jury Trial Demanded |
| Plaintiff, | 5:21-cv-651 (DNH/TWD) |
| v. | **PROPOSED AMENDED** |
| ~~v.~~ | **COMPLAINT**- |

_____

COUNTY OF ONONDAGA, NEW YORK;
ONONDAGA COUNTY SHERIFF EUGENE CONWAY;
UNDERSHERIFF JASON CASSALIA;  CHIEF KATHERINE TRASK;
SERGEANT JONATHAN SEEBER; DEPUTY KELLY SEEBER;
CHIEF DEPUTY SUSAN DeMARI; DIRECTOR OF EMPLOYEE
RELATIONS DAWN CURRY-CLARRY;
HUMAN RESOURCES MANAGER PAUL SMITH;  CAPTAIN
PAULA PELLIZZARI;  CHIEF ESTEBAN GONZALEZ;
and JOHN DOE(S) and JANE DOE(S), in their individual and official
capacities as officials, officers, agents, employees, and/or representatives
of Onondaga County and/or the Onondaga County Sheriff's Office,

Defendants.

_____

Plaintiff KAMILLA S. PECK, by and through her attorneys, Bosman Law, L.L.C., as and

for a Complaint against Defendants, COUNTY OF ONONDAGA, NEW YORK;  ONONDAGA

COUNTY SHERIFF EUGENE CONWAY;  UNDERSHERIFF JASON CASSALIA;  CHIEF

KATHERINE TRASK;  SERGEANT JONATHAN SEEBER; DEPUTY KELLY SEEBER;

CHIEF DEPUTY SUSAN DeMARI; DIRECTOR OF EMPLOYEE RELATIONS DAWN

CURRY-CLARRY;  HUMAN RESOURCES MANAGER PAUL SMITH;  CAPTAIN PAULA

PELLIZZARI;  CHIEF ESTEBAN GONZALEZ;  and JOHN DOE(S) and JANE DOE(S), in

their individual and official capacities as officials, officers, agents, employees, and/or

representatives of Onondaga County and/or the Onondaga County Sheriff's Office, alleges as follows:

## PRELIMINARY STATEMENT

1.  This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII");  42 U.S.C. § 1983 based on rights under the First and Fourteenth Amendments to the United States Constitution as well as 42 U.S.C. § 1981;  the New York State Human Rights Law, N.Y. Exec. Law §§ 296, et seq. ("Human Rights Law"); ~~the New York Civil Rights Law § 79-n; the Constitution of the State of New York;~~ and New York State common law.

## JURISDICTION

2. Jurisdiction is conferred upon this Court pursuant to the Constitution and laws of the State of New York and the United States of America.

## VENUE

3. Venue is proper in ~~Onondaga County~~the Northern District of New York pursuant to ~~CPLR 504~~28 U.S.C. § 1391(b)(2).

## PARTIES

4.  Plaintiff, Kamilla Peck, is a female citizen of the United States and a resident of the County of Onondaga and State of New York.  She was at all times relevant herein an employee of the Onondaga County Sheriff's Office since on or about April 10, 2006. Plaintiff's position in the Sheriff's Office is Sheriff Deputy-Custody.  At all times relevant hereto, she was assigned to the Community Relations Unit located at the Sheriff's Office Headquarters located at 407 South State Street, Syracuse, New York 13202.

5.  Defendant County of Onondaga, New York, is a municipal corporation organized and

existing under the laws of the State of New York and at all relevant times had its principal place

of business at 421 Montgomery Street, Syracuse, New York 13202.  At all times relevant hereto,

this Defendant employed the Plaintiff and the hereinbefore named individual Defendants.

6.  Defendant Onondaga County Sheriff's Office is a part of the County of Onondaga

municipal corporation organized and existing under the laws of the State of New York and at all

relevant times had its principal place of business at 407 South State Street, Syracuse, New York

13202. Onondaga County and the Onondaga County Sheriff's Office are by law responsible for

the wrongdoing of their officers and employees and by law responsible for the direct

participation and endorsement of the unconstitutional and unlawful customs, policies, and

practices of the other Defendants. These Defendants were also aware, through their officers,

representatives, and agents, of the long-standing unlawful customs, policies and practices of the

other named Defendants, and deliberately and/or negligently failed to take action to correct the

unlawful customs, policies and practices of the other Defendants.

7.  Defendant, Eugene Conway, at all times relevant to this Complaint is the duly elected

Sheriff of Defendant Onondaga County and as such is the employer of Plaintiff and a

policymaking official within the Onondaga County Sheriff's Office, carrying out the directives

and enforcing and enacting policies and acts, both as recommended by him and as endorsed by

the Onondaga County Sheriff's Office and Defendant County.

8.  Defendant, Jason Cassalia, at all times relevant to this Complaint is the duly appointed

Undersheriff of Defendant Onondaga County and as such is the employer of Plaintiff and a

policymaking official within the Onondaga County Sheriff's Office, carrying out the directives

and enforcing and enacting policies and acts, both as recommended by him and as endorsed by

the Onondaga County Sheriff's Office and Defendant County.  He was on notice of the

discriminatory and retaliatory treatment towards Plaintiff and failed to take any corrective or

remedial action.

9.  Defendant, Chief Katherine Trask, at all times relevant to this Complaint, was a duly

appointed Chief Deputy for the Onondaga County Sheriff's Office and as such is the employer of

Plaintiff and Defendants Sergeant Seeber and Deputy Seeber.  She is responsible, among other

things, for training, supervision, discipline, and conduct of these other named Defendants, who

are also Plaintiff's supervisors. She is also responsible, by law, for enforcing the rules and

regulations of the State of New York and County of Onondaga for insuring that employees of the

Onondaga County Sheriff's Office obey the laws of the State of New York and the United States.

As Plaintiff's supervisor during her employment, she had the power to make personnel decisions

regarding Plaintiff's employment.

10.  Defendant, Sergeant Jonathan Seeber ("Jon Seeber" or "Sergeant Seeber"), at all

times relevant to this complaint, was a duly sworn Sergeant for the Onondaga County Sheriff's

Office and as such is the employer of Plaintiff and Defendant Deputy Seeber.  He is responsible,

among other things, for training, supervision, discipline, and conduct of this other named

Defendant.  He is also responsible, by law, for enforcing the rules and regulations of the State of

New York and County of Onondaga for insuring that employees of the Onondaga County

Sheriff's Office obey the laws of the State of New York and the United States. As Plaintiff's

supervisor during her employment, he had the power to make personnel decisions regarding

Plaintiff's employment.

11.  Defendant Deputy Kelly Seeber ("Deputy Seeber"), at all times relevant to this

complaint, was a duly sworn Deputy for the Onondaga County Sheriff's Office. Defendant Kelly Seeber acted in concert with Defendants Katherine Trask and Jonathan Seeber, and the other Defendants.

12. Defendant, Chief Deputy Susan DeMari, at all times relevant to this complaint, was the duly appointed Chief Deputy for the Onondaga County Sheriff's Office and as such is the employer of Plaintiff and Defendants, Chief Trask, Sergeant Seeber and Deputy Seeber. She is responsible, among other things, for training, supervision, discipline, and conduct of these other named Defendants, who are also Plaintiff's supervisors. She is also responsible, by law, for enforcing the rules and regulations of the State of New York and County of Onondaga for insuring that employees of the Onondaga County Sheriff's Office obey the laws of the State of New York and the United States. As Plaintiff's supervisor during her employment, she had the power to make personnel decisions regarding Plaintiff's employment. Defendant DeMari acted in concert with Defendants Katherine Trask, Jonathan Seeber, and Kelly Seeber and the other Defendants.

13. Defendant, Dawn Curry-Clarry, at all times relevant to this complaint, was the duly appointed Director of Employee Relations in the Personnel Department for Onondaga County. Defendant Curry-Clarry acted in concert with Defendants Katherine Trask, Jonathan Seeber and the other Defendants.

14. Defendant, Paul Smith, at all times relevant to this Complaint, was the duly appointed Human Resources Manager of the Onondaga County Sheriff's Department. Defendant Smith acted in concert with Defendants DeMari and Pellizzari and the other Defendants.

15. Defendant, Paula Pellizzari, at all times relevant to this Complaint, was the duly

appointed Captain of the Administrative Division of the Onondaga County Sheriff's Department. Defendant Pellizzari was assigned as Plaintiff's supervisor following her return from administrative leave. Defendant Pellizzari acted in concert with Defendant Demari and the other Defendants.

15 16.  Defendant, Esteban Gonzalez, was the duly appointed Chief Custody Deputy for the Onondaga County Sheriff's Office and as such was the employer of Plaintiff.  He was responsible for denying Plaintiff promotional positions and/or acted in concert with one or more co-Defendant to deny Plaintiff promotions.

16 17.  All of the above-named Defendants are responsible for the establishment and perpetuation of a hostile work environment and discriminatory and retaliatory policies, customs, practices and habits complained of herein and also aided and abetted the unlawful conduct described herein. Defendants all are equally responsible and legally accountable for the unlawful conduct of each other for their actions and/or failing to intercede and prevent the unlawful, hostile, discriminatory and retaliatory conduct.

17 18.  During all times mentioned in this Complaint, Defendants were acting within the scope of their employment and under color of law, namely, under color of the Constitution, statutes, laws, charters, ordinances, rules, regulations, customs, and usages of the State of New York and the County of Onondaga in the State of New York.

**CONDITIONS PRECEDENT**

18 19.  On or about June 30, 2020, Plaintiff filed a complaint of discrimination and retaliation with the New York State Division of Human Rights ("Division of Human Rights"). Plaintiff's Division of Human Rights' complaint was cross filed with the U.S. Equal

Employment Opportunity Commission ("EEOC") pursuant to a work-share agreement between the two agencies.

~~19~~20.   On or about September 1, 2020, Plaintiff filed a complaint of discrimination and retaliation with the EEOC.  Plaintiff's EEOC complaint was cross filed with the Division of Human Rights.

~~20~~21.   On or about September 8, 2020, the Division of Human Rights issued an Order of Dismissal for Administrative Convenience.

~~21~~22.   On or about May 6, 2021, the Department of Justice issued Plaintiff a Right to Sue letter for her September 1, 2020 complaint. On May 19, 2021, the EEOC issued Plaintiff a Right to Sue Letter for her June 30, 2020 complaint.

~~22~~23.   On or about August 31, 2020, a verified Notice of Claim was duly and timely served on the Defendant County of Onondaga.  At least 30 days has elapsed since service of such Notice of Claim and payment thereof has been refused.

~~23~~24.   Plaintiff has commenced the instant action within the time limits allotted therefor.

## FACTS

~~24~~25.   The instant claims are based on a continuing and ongoing course of wrongful and unlawful conduct by Defendants to subject Plaintiff to discrimination on the basis of race, gender, and religion, and to retaliate against her for complaining about discrimination.  This discriminatory and retaliatory conduct occurred throughout the course of Plaintiff's employment and continues to the present date.

~~25~~26.  Defendants have a duty to Plaintiff, by contract, statute, and common law to provide Plaintiff a safe and harassment-free workplace free of intimidation, retaliation, bullying,

or intentional infliction of emotional distress. Defendants knew, both collectively and individually, that Chief Trask, Sergeant Seeber, and Deputy Seeber, were mistreating, harassing, and intimidating Plaintiff yet failed to act to protect Plaintiff from such conduct and facilitated and perpetuated such unlawful treatment of the Plaintiff. Defendants negligently and/or with reckless disregard to Plaintiff's rights acted both individually and in concert to threaten her, mock her, ostracize her, and invade her privacy. On information and belief, the Defendant Onondaga County Sheriff's Office did not allow such actions toward male employees. When Plaintiff opposed this harassing and discriminatory treatment and participated in processes of the Equal Employment Opportunity Commission/New York State Division of Human Rights, Defendants retaliated against her. Further, Plaintiff was held to higher performance standards, given less favorable assignments, and repeatedly passed over for promotions to Sergeant in favor of white and/or male candidates despite being as qualified or more qualified for the position.

26 27.   At all times relevant herein, Kamilla Peck was an "Employee" of the Defendants and the Defendants were "Employers" of Plaintiff and/or aiders and abettors as provided for by the Human Rights Law of the State of New York.

27 28.   Plaintiff is a Black female and her protected status is known to Defendants as Defendants and/or those within their employ have regularly mocked and ridiculed Plaintiff because of her minority dialect and made derogatory remarks about Plaintiff and/or her race during the course of her employment at the Onondaga County Sheriff's Office.

28 29.   The acts of the Defendants are such that they had both actual and constructive knowledge of the misconduct of Katherine Trask and Jonathan Seeber and as such are jointly and severally liable to Plaintiff for the unlawful discrimination, harassment,

humiliation, and other damages caused to her.

29̶30.   At all times relevant to this Complaint, Defendants acted both individually and/or jointly and in concert with each other.  Each Defendant had the duty and the opportunity to protect Plaintiff from the unlawful actions of the other Defendants but each Defendant failed and/or refused to perform such duty, thereby proximately contributing to and causing Plaintiff's injuries.

30̶31.   Plaintiff has been and continues to be subjected to a work environment which permits the use of derogatory statements, jokes, images, and other offensive conduct based on race and gender.  When Plaintiff was first transferred to the Community Relations Unit, Sergeant Seeber met with Plaintiff in his office and stated to her, "Kamilla, so I have to tell you, the only reason that we brought you in to the unit is because you are Black."  Sergeant Seeber regularly sends Plaintiff "Black" hand emojis and, together with Chief Trask, makes fun of and mocks Plaintiff's urban dialect, stating such things as "Yeah, I am going to do DAT!"

31̶32.  Defendants Sergeant Seeber and Deputy Seeber identified Plaintiff on their regularly used electronic device as a black maid in a movie.  Plaintiff was subjected to extreme emotional distress when she discovered that these two Defendants have imagery of the Black actress Octavia Spencer in her role as a maid in "The Help" under her name on Deputy Seeber's phone.  Plaintiff protested the comparison and asked that it be removed but her requests were refused.  Deputy Seeber showed Chief Trask the phone and said "doesn't this look like Kamilla?"  Chief Trask stated "Yep, it looks exactly like Kamilla."  Plaintiff became even more upset and let them know she did not appreciate the comparison.  Sergeant Seeber then started laughing and told Plaintiff to "relax," "get a thick skin," and to "stop taking things so personal."

These and other racially disparaging comments are regular and continuous in the Onondaga County Sheriff's Office and have pervaded Plaintiff's work place on a constant basis over the course of her employment. On August 7, 2019, Plaintiff suffered an on-duty injury when she tripped backwards over a sand bag in front of the Sheriff's Office. She was subsequently subjected to defamation and mocking by co-workers who were allowed and/or invited to review video footage of Plaintiff as she suffered an on dutythis injury, claiming to other co-workers that she was faking her injury. ‒

‒‒‒‒‒‒‒‒32Defendant Sergeant Seeber admitted to showing Plaintiff's coworkers the video footage.

33. Plaintiff has also been subjected to the denial of benefits and due process associated with her on duty injury. ByPlaintiff's benefits were approved in October 2019. After Defendant DeMari, on or about December 2019, was appointed to the 207-c committee Defendants "denied" her 207-c benefits by letter dated February 18, 2020, Defendants denied Claimant 207-c benefits and thereafter ignored Plaintiff's appeal; this. This action was done without due process and was discriminatory. Plaintiff was denied restoration of medically necessary leave time. Upon information and belief, on duty injuries of a similar nature sustained by White or male co-workers were not challenged nor denied.

3334. Plaintiff was alsoqualified for the Sergeant position. She was denied promotionspromotion to Sergeant in favor of less qualified officers outside her protected class. In 2017, she was passed over for promotion in favor of White male officers who had the same Civil Service test score and less time on the job than Plaintiff. On or about November 4, 2019, ClaimantPlaintiff interviewed for the Sergeant's position. ClaimantPlaintiff was again passed

over for promotion to the position of Sergeant in favor of an Hispanic male and a White female, who both had lower Civil Service test scores and less time on the job than Plaintiff. Upon information and belief Defendant Gonzalez made these promotion decisions and/or recommended said individuals to Defendant Conway who made the final decision.

3435.  Plaintiff was also subjected to racial discrimination and gender stereotyping on or about June 1st, 2020, when Defendant Jonathan Seeber told her, in sum and substance, that George Floyd's death was not a result of racial discrimination but just a "death in custody" and that she had been "brainwashed" and subjected to undue influence of the media in believing otherwise.

3536.  Plaintiff has been and continues to be held to greater scrutiny and higher standards of performance and restrictions than her White counterparts.  She was subjected to repeated undue and unwarranted scrutiny of her performance and conduct at work including false accusations of misconduct and discriminatory investigations.  This undue and unwarranted scrutiny has pervaded Plaintiff's work environment, particularly since she began to complain about the discriminatory treatment.  Plaintiff was also subjected to unwarranted hostility from Defendants.  For example, Sergeant Seeber constantly threatens to "throw [Plaintiff's] ass back to the jail!"  He sent Plaintiff a text message on January 29, 2020 stating that if she didn't call him immediately he would have her "transfer papers set for the jail!!!!!"

3637.  Plaintiff was also subjected to conduct designed to degrade and demean her on the basis of her race, gender, religion, and/or protected activity.  When she complained about this clearly discriminatory action, her complaints were ignored and/or were not listened to.

3738.  Plaintiff made complaints about the discriminatory and hostile work environment

internally on or about June 11th, 2020 to Defendants, Jonathan Seeber and Chief Trask. Seeber

and Trask subsequently chose Katie Kruger as a car seat re-certification instructor because of

Kruger's well-known dislike for Plaintiff. Such a requirement was not imposed on Heather

Poland, Plaintiff's White co-worker. Plaintiff was not provided or offered any written complaint

form to file formally at that time. Thereafter, on June 15th, Plaintiff was subjected to more

hostility and ganged up on by Seeber and Trask, who asked in a loud tone why her computer was

not on and what time she arrived. Trask demanded, in the presence of Plaintiff's co-workers, that

Sergeant Seeber "write her up" for not producing a feedback email.

3839.  At a "mediation" held  on June 16, 2020 with Plaintiff, her union

president/representative Kevin Moore, Defendant Jon Seeber, and Defendant Trask, Plaintiff

again recounted discriminatory and retaliatory conduct, including but not limited to, the car seat

re-certification by an openly hostile instructor not required of other employees; the use of Octavia

Spencer's image as a maid substituted for Plaintiff; the unit-wide display and repeated mocking

playing of a video of Plaintiff's injury; the discriminatory and retaliatory threats of a write-up for

a late email response; the use of Black emojis; disrespectful and belittling verbal treatment of the

Plaintiff; repeated statement to Plaintiff that she should not "sound like Frank Fowler" (former

Black Chief of Police for the City of Syracuse) using her natural dialect.—

3940.  At a June 18, 2020 forum on race held at Onondaga Community College, Plaintiff

spoke to Defendants Conway and Cassalia. She reported the discriminatory behavior of

Defendants Kelly Seeber, Jon Seeber, and Trask. Both assured her not to worry. Plaintiff was

brought to tears during this conversation.

41.  Plaintiff was provided aan unsolicited complaint form and instructed to fill it out on

or about June 18th by Chief DeMari. Plaintiff also complained to Sheriff Conway about the

hostile and discriminatory treatment she was facing.  When Plaintiff returned to her workplace

with the completed form on June 22, 2020, she found that her desk had clearly been rifled and

gone through as items on her desk were missing and/or disheveled.  Plaintiff left in a panic to

deliver her complaint in person to ~~the~~ Dawn Clarry in the Personnel Office. ~~She was immediately~~

~~placed~~<u>Visibly upset, Plaintiff told Clarry about her desk being searched and reported that she felt</u>

<u>she was in danger. That same day, Clarry, in consultation with Sheriff Conway, placed Plaintiff</u>

on Administrative leave until July 27, 2020. ~~Chief DeMari, after providing the complaint form to~~

~~Plaintiff, retaliated and further~~

    <u>42.  The next day, June 23, 2020, Chief DeMari called Plaintiff and demanded she return</u>

<u>the keys to her department vehicle. DeMari stated that the vehicle would be used by other</u>

<u>officers while Plaintiff was on administrative leave. The Department maintains multiple sets of</u>

<u>keys for each vehicle; ordering Plaintiff to surrender the key was unnecessary to enable other</u>

<u>officers to use the vehicle. DeMari intended to permanently deprive Plaintiff of her marked</u>

<u>vehicle. In fact, when she returned from administrative leave, the vehicle was not returned.</u>

<u>Plaintiff alerted Defendant Cassalia to this retaliation but he dismissed her complaint, claiming</u>

<u>that it was not retaliatory. Cassalia took no further action to assist Plaintiff.</u>

    <u>43.  DeMari further retaliated and</u> discriminated against Plaintiff by commencing an

internal affairs investigation concerning Plaintiff purportedly leaving eight minutes early. This

was a spurious claim and instigated in bad faith; no such actions were taken against White co-

workers who had not made claims of discrimination.

    ~~40~~<u>44</u>.  During Plaintiff's administrative leave, she was summoned for a meeting to review

the investigative "results" or conclusion. Investigator Vanessa Campbell and Dawn Clarry were present along with Plaintiff's husband. Campbell reports to Defendant Clarry. Not only was the investigation inaccurate and incomplete,  Plaintiff was again subjected to retaliatory conduct by Dawn Curry-Clarry who alleged, incorrectly, deemed Plaintiff's complaint unfounded or unsubstantiated and who falsely alleged that Plaintiff had herself engaged in "unprofessional" conduct. Defendant Curry-Clarry credited Defendants Jon Seeber, Kelly Seeber, and Trask's word over that of Plaintiff and her witness, Heather Poland. Deputy Poland had spoken with Clarry's investigators and, upon information and belief, substantiated Plaintiff's allegations. Curry-Clarry had the authority and opportunity to ameliorate the harassment but refused or failed to do so. Dawn Clarry indicated that Plaintiff would be assigned a new supervisor, Defendant Pellizzari. As Captain of the Administrative Division, Pellizzari had no prior involvement in the Community Relations Division. Upon information and belief, Pellizzari made decisions with respect to Plaintiff's assignments in concert with Defendants Jon Seeber and Trask.

        4145.  Defendants' adverse treatment of Plaintiff continued and escalated thereafter.  She was and continues to be subjected to a continuing course of discrimination and retaliation. Plaintiff's working conditions were made intolerable when Defendants, *inter alia*, caused her to be given assignments never before issued to White officers in her position (i.e., relegating her to count every single community relations item in the Community Relations office and basement); searching and going through her desk and personal items; referring her for an internal affairs investigation questioning her time on duty; moving her office and taking away her work vehicle which was a marked car; failing to credit Plaintiff's word, and deliberately or negligently failing to conduct a thorough and unbiased investigation; falsely accusing her of wrongful conduct after

she made her discrimination complaints; lying to her and/or investigators about facts and

circumstances of the treatment of Plaintiff; and advising Plaintiff's co-workers to "stay away"

from her. Defendant Pellizzari, as Plaintiff's supervisor, was responsible for her work

assignments and moving her office.

42 46.  Plaintiff's work environment became hostile and tainted with discriminatory and

retaliatory treatment and animus by the actions of Defendants, rendering said environment

demeaning and unsafe. Upon information and belief, one or more Defendants also mocked and

disparaged Plaintiff's religious belief and/or practices to each other and/or co-workers.

43 47.  Plaintiff was subjected to continuing discrimination and retaliation since the filing

of her Notice of Claim and EEOC Complaint. —

44 Upon information and belief, Defendants Conway, Cassalia, Trask, Jon Seeber, Kelly

Seeber, DeMari, Curry-Clarry, Smith, Pellizzari, and Gonzalez were aware of the Notice of

Claim and EEOC Complaint.

48.  Plaintiff's 2019 on-the-job injury caused her to be taken out of work by her treating

healthcare providers in September 2020 and she was absent from work until early November

2020.  When she returned, she had most of her job duties eliminated and she was relegated to

perform menial tasks.  She was also issued discriminatory and/or retaliatory discipline.

45 49.  Plaintiff's 2019 on-the-job injury cased her to be taken out of work again in mid-

November 2020.  Plaintiff's healthcare providers provided medical excuses to Defendants

excusing Plaintiff's absences from work.  Defendants did not advise Plaintiff or her providers that

the medical excuses were inadequate or insufficient, nor that additional paperwork was needed.

46 50.  On or about January 28, 2021, Plaintiff received a letter from Defendant Smith,

who reports directly to Defendant DeMari, claiming that she failed to submit an "Appendix C," a form specified in a Collective Bargaining Agreement (CBA) to be completed by an employee's healthcare provider.  The letter threatened discipline, stating "all of your absences will be chargeable offenses under Article 35 of your Collective Bargaining Agreement and can lead to discipline up to and including termination."

47 51.  Upon information and belief, injured officers nor their healthcare providers have been required to submit this form.  As a matter of practice, Defendants have not required such form be submitted.  Plaintiff was subjected to discriminatory and retaliatory disparate treatment as other similarly situated officers were not expected nor required to comply with this provision of the CBA.

48 52.  On February 5, 2021, Plaintiff engaged in further protected activity by filing a letter, of which Defendants were aware, requesting the EEOC issue a Right to Sue letter.

49 53.  On or about February 11, 2021, Defendants Defendant DeMari summoned two Civil Deputies to Plaintiff's home unsolicited and unannounced, reportedly to serve Plaintiff with personnel paperwork that could have easily be sent via e-mail or regular mail.  Plaintiff was not home on either occasion.  These Deputies arrived at Plaintiff's house in a police vehicle and banged on Plaintiff's door several times, frightening Plaintiff's children.  Defendants sought to intimidate Plaintiff and her family and did so to retaliate against Plaintiff and discourage her from pursuing legal recourse for her discrimination and retaliation claims.

50 54.  On or about March 2, 2021, Plaintiff was threatened with a suspension without pay and ordered to surrender her duty equipment by Defendant Pellizzari, who claimed this action was authorized by Defendant Conway. Plaintiff learned from union president Moore that

Defendant DeMari sought to suspend ~~Plaintiff~~her for three days for not completing the

aforementioned "Appendix C" and wanted Plaintiff to receive the disciplinary charge in person

and to sign for it.  Other officers out on an on-the-job injury have not been required to surrender

their equipment.  In fact, the Sheriff's Department's policy expressly provides that members

absent due to an on-the-job injury are not required to surrender their equipment.  This disparate

treatment was yet another act of discrimination and retaliation.

55.  On or about November 17, 2020, and continuing to the present, Plaintiff has been out

of work due to her aforementioned 2019 work-related injury. Defendants have denied Plaintiff's

applications for workers compensation and 207-c benefits in relationship to this injury. White or

male officers and/or officers who have not complained of discrimination are granted these

benefits without objection in similar circumstances. For example, Sergeant Jane DeMarco, a

White female, was approved for 207-c benefits related to a similar accident approximately three

months prior to Plaintiff's injury. Sergeant DeMarco was out of work for three to four months,

after which she was granted light duty accommodation. Defendants did not deny or challenge her

entitlement to benefits, in contrast to their treatment of Plaintiff. Defendants Jonathan Seeber,

Kelly Seeber, and Trask sought to have Plaintiff's application denied; repeatedly insinuating that

her injuries were exaggerated or faked. Defendants Trask and Sergeant Seeber volunteered

wedding videos that were used by the County to claim that Plaintiff was fabricating her injury.

Upon information and belief, Trask and Seeber supplied these videos with the malicious intent to

obstruct Plaintiff's right to benefits to which she is entitled.

~~51~~56.  As a result of Defendants' unlawful actions and omissions, Plaintiff has been

financially and personally harmed, subjected to, *inter alia*, severe emotional distress, humiliation,

indignity, shame, damage to her good name, and physical manifestations of said harm; all harms substantially and proximately caused by the acts and omissions of the Defendants as set forth herein.

5257.  Plaintiff is a civil service employee and a member of the Union and, as such, is protected by the contract in effect entered into by the Defendant Onondaga County Sheriff's Office with its employees.  Such contract provides for the fair and equal treatment in matters of pay and terms of employment without regard to gender, race, age, or other classification.  The treatment of Plaintiff is rife with discriminatory and retaliatory animus as well as reckless disregard for the guarantees of equal protection without regard to race or gender.

5358.  Defendants' actions and omissions are in violation of Plaintiff's rights under the New York State Human Rights Law and laws preventing discrimination and violation of civil rights.  Defendants have participated in, allowed, and condoned or maintained a long standing custom, policy, and practice of allowing the harassment, retaliation, and hostile treatment and discrimination against Black women and those who report or claim discrimination.

5459.  Defendants foster an atmosphere of discrimination, retaliation, hostility, and harassment. Defendants, having both direct and constructive knowledge of discrimination and retaliation, have deliberately, recklessly and/or negligently participated in such acts and/or failed to cease or discourage such practices.  Despite knowledge of such practices and treatment, Defendants deliberately and/or recklessly failed to correct, eliminate, or cease such practices nor seek good faith solutions to said practices.

5560.  Instead, Defendants have encouraged, approved, continued, expanded, concealed, and participated in the hostile, illegal, discriminatory, and unconstitutional practices to the

detriment and injury of Plaintiff by denying her equal terms and conditions of employment.

~~56~~61.   As set forth above, Defendants acted with malice or with reckless disregard for

Plaintiff's contractual and civil rights, causing her to suffer embarrassment, humiliation,

degradation, anxiety, anxiety attacks for which she has been hospitalized, stress, loss of pay, loss

of benefits, harm to reputation and good name, loss of enjoyment of life, insomnia, anger, family

discord, headaches, nervousness, loss of appetite, and pain. The acts of Defendants have injured

Plaintiff and subjected her to extreme emotional harm and injury; she is entitled to compensation

therefor.

**AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO TITLE VII AGAINST DEFENDANT COUNTY OF ONONDAGA FOR DISCRIMINATION BASED ON RACE AND GENDER**

~~57~~62.   Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1

through ~~56~~61 above.

~~58~~63.   By engaging in the foregoing conduct, Defendant violated rights guaranteed to

Plaintiff under Title VII in that Plaintiff was subjected to disparate treatment, a hostile work

environment, and otherwise discriminated against in matters relating to her employment because

of race and/or gender.

~~59~~64.   Plaintiff sustained damages by reason of the Defendant's wrongful actions and

omissions and is entitled to compensation therefor.

**AS AND FOR A SECOND CAUSE OF ACTION PURSUANT TO THE HUMAN RIGHTS LAW AGAINST DEFENDANT COUNTY OF ONONDAGA FOR DISCRIMINATION BASED ON RACE AND GENDER**

60~~60~~65.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through ~~59~~64 above.

~~61~~66.  By engaging in the foregoing conduct, Defendant violated rights guaranteed to Plaintiff under the Human Rights Law in that Plaintiff was subjected to disparate treatment, a hostile work environment, and otherwise discriminated against in matters relating to her employment because of race and gender.

~~62~~67.  Plaintiff sustained damages by reason of the Defendant's wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A THIRD CAUSE OF ACTION PURSUANT TO THE HUMAN RIGHTS LAW AGAINS DEFENDANTS CONWAY; CASSALIA; TRASK;  JONATHAN  SEEBER;  KELLY SEEBER; DeMARI; CURRY-CLARRY; SMITH; PELLIZZARI;  GONZALEZ;  AND DOES FOR DISCRIMINATION  BASED  ON  RACE  AND GENDER**

~~63~~68.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through ~~62~~67 above.

~~64~~69.  Defendants Conway, Cassalia, Trask, Jonathan Seeber, Kelly Seeber, DeMari, Curry-Clarry, Smith, Pellizzari, Gonzalez and Does, due to their power to do more than carry out personnel decisions made by others in the course of their employment, are considered "employers" under the Human Rights Law.  Alternatively, said Defendants are "aiders and abettors" pursuant to N.Y. Exec. Law § 296(6) and therefore their discrimination and/or retaliation is unlawful.

~~65~~70.  Said Defendants violated rights guaranteed to Plaintiff under the Human Rights

Law in that they subjected or aided and abetted others in subjecting Plaintiff to disparate treatment and discrimination in matters relating to her employment because of race and/or gender, and a hostile work environment.

66~~71~~.  Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A FOURTH CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS COUNTY OF ONONDAGA, CONWAY; CASSALIA; TRASK; JONATHAN SEEBER; KELLY SEEBER; DeMARI; CURRY-CLARRY; SMITH; PELLIZZARI; GONZALEZ; AND DOES FOR DISCRIMINATION BASED ON RACE IN VIOLATION OF 42 U.S.C. § 1981**

67~~72~~.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 66~~71~~ above.

68~~73~~.  Defendants County of Onondaga,  Conway, Cassalia, Trask, Jonathan Seeber, Kelly Seeber, DeMari, Curry-Clarry, Smith, Pellizzari, Gonzalez and Does violated rights guaranteed to Plaintiff under 42 U.S.C. § 1981 in that they committed acts of discrimination and/or personally participated in the disparate treatment and discrimination of Plaintiff in matters relating to her employment because of her race, and a hostile work environment.

69~~74~~.  Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A FIFTH CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS COUNTY OF ONONDAGA, CONWAY; CASSALIA; TRASK; JONATHAN SEEBER; KELLY SEEBER; DeMARI; CURRY-CLARRY; SMITH; PELLIZZARI; GONZALEZ; AND DOES FOR DISCRIMINATION BASED ON RACE AND GENDER**

~~70~~75.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through ~~69~~74 above.

~~71~~76.  Defendants County of Onondaga,  Conway, Cassalia, Trask, Jonathan Seeber, Kelly Seeber, DeMari, Curry-Clarry, Smith, Pellizzari, Gonzalez and Does violated rights guaranteed to Plaintiff under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution in that they committed acts of discrimination and/or personally participated in the disparate treatment and discrimination of Plaintiff in matters relating to her employment because of her race and/or gender, and a hostile work environment.

~~72~~77.  Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A SIXTH CAUSE OF ACTION PURSUANT TO 42 U.S.C. 1983 AGAINST DEFENDANTS COUNTY OF ONONDAGA, CONWAY; CASSALIA; TRASK; JONATHAN SEEBER; KELLY SEEBER; DeMARI; CURRY-CLARRY; SMITH; PELLIZZARI; GONZALEZ; AND DOES FOR CONSPIRACY TO DISCRIMINATE BASED ON RACE AND GENDER**

~~73~~78.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through ~~72~~77 above.

-22-

~~74~~79.  Defendants County of Onondaga,  Conway, Cassalia, Trask, Jonathan Seeber, Kelly Seeber, DeMari, Curry-Clarry, Smith, Pellizzari, Gonzalez and Does acted jointly and in concert in creating and continuing a hostile work environment based on race and gender and in treating Plaintiff disparately.

~~75~~80.  Such joint activity is an additional violation of the Equal Protection Clause of the Fourteenth Amendment which prohibits conspiracies to deprive individuals of their civil rights.

~~76~~81.  Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

~~AS AND FOR A SEVENTH CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1985 AGAINST DEFENDANTS COUNTY OF ONONDAGA, CONWAY; CASSALIA; TRASK; JONATHAN SEEBER; KELLY SEEBER; DeMARI; CURRY-CLARRY; SMITH; PELLIZZARI; GONZALEZ; AND DOES FOR CONSPIRACY TO DEPRIVE PLAINTIFF OF HER RIGHTS TO BE FREE FROM DISCRIMINATION~~

~~77.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 76 above.~~
~~78.  Defendants County of Onondaga, Conway, Cassalia, Trask, Jonathan Seeber, Kelly Seeber, DeMari, Curry-Clarry, Smith, Pellizzari, Gonzalez and Does acted jointly and in concert in creating and continuing a hostile work environment based on race and/or gender and in treating Plaintiff disparately.~~
~~79.  Such joint activity is a violation of 42 U.S.C. § 1985.~~
~~80.  Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.~~
~~AS AND FOR AN EIGHTH CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1986 AGAINST DEFENDANTS CONWAY AND CASSALIA~~

**FOR NEGLECTING TO PREVENT A § 1985 CONSPIRACY**

81. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 80 above.

82. Defendants Conway and Cassalia, despite having the power to prevent and correct the unlawful conduct proscribed by 42 U.S.C. § 1985 failed and refused to do so.

83. Plaintiff sustained damages by reason of the Defendants' neglect and is entitled to compensation therefor.

**AS AND FOR A NINTH CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE NEW YORK CONSTITUTION ARTICLE I, § 11 AGAINST DEFENDANTS COUNTY OF ONONDAGA, CONWAY; CASSALIA; TRASK; JONATHAN SEEBER; KELLY SEEBER; DeMARI; CURRY-CLARRY; SMITH; PELLIZZARI; GONZALEZ; AND DOES**

84. Plaintiff repeats and re-alleges each and every allegation set forth in paragraph 1 through 83 above.

85. Defendants, through acts of omission or commission, violated Plaintiff's right to equal protection of the laws of the State of New York, pursuant to Article I, § 11 of the Constitution of the State of New York in that Plaintiff has been discriminated against based on race and/or gender.

86. Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A TENTH CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE NEW YORK CIVIL RIGHTS LAW § 79-n AGAINST DEFENDANTS COUNTY OF ONONDAGA, CONWAY; CASSALIA; TRASK; JONATHAN SEEBER; KELLY SEEBER; DeMARI; CURRY-CLARRY; SMITH; PELLIZZARI; GONZALEZ AND DOES**

87.   Plaintiff repeats and re-alleges each
and every allegation set forth in paragraphs 1
through 86 above.

88.   Defendants, through acts of omission
or commission, intentionally selected Plaintiff for
harm, and caused Plaintiff injury and harm as set
forth in the preceding paragraphs in whole or in
substantial part because of a belief or perception
regarding Plaintiff's race and/or gender.

89.   As a direct and proximate result of
Defendants' actions and/or omissions, Plaintiff
suffered injury and harm as set forth herein and is
entitled to compensation and punitive damages as
well as declaratory and injunctive relief.

AS AND FOR AN ~~ELEVENTH~~SEVENTH
CAUSE OF ACTION PURSUANT TO TITLE VII
AGAINST
DEFENDANT COUNTY OF ONONDAGA FOR
RETALIATION

~~90~~82.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through ~~89~~81 above.

~~91~~83.  By engaging in the foregoing conduct, Defendant employer violated rights guaranteed to the Plaintiff under Title VII in that Plaintiff was retaliated against for opposing discrimination and participating in Title VII processes.

~~92~~84.  Plaintiff sustained damages by reason of the Defendant's wrongful actions and omissions and is entitled to compensation therefor.

AS AND FOR A ~~TWELFTH~~EIGHTH CAUSE OF
ACTION PURSUANT TO THE HUMAN
RIGHTS LAW AGAINST DEFENDANT
COUNTY OF ONONDAGA FOR
RETALIATION

~~93~~85.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through ~~92~~84 above.

~~94~~86.  By engaging in the foregoing conduct, Defendant employer violated rights guaranteed to the Plaintiff under the Human Rights Law in that Plaintiff was retaliated against for opposing discrimination and participating in the Human Rights Law processes.

~~95~~87.  Plaintiff sustained damages by reason of the Defendant's wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A ~~THIRTEENTH~~ NINTH CAUSE OF ACTION PURSUANT TO THE HUMAN RIGHTS LAW AGAINST DEFENDANTS CONWAY; CASSALIA; TRASK; JONATHAN SEEBER; KELLY SEEBER; DeMARI; CURRY-CLARRY; SMITH; PELLIZZARI; AND DOES FOR RETALIATION**

~~96~~88.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through ~~95~~87 above.

~~97~~89.  Defendants Conway, Cassalia, Trask, Jonathan Seeber, Kelly Seeber, DeMari, Curry-Clarry, Smith, Pellizzari, Gonzalez and Does, due to their power to do more than carry out personnel decisions made by others in the course of their employment, are considered "employers" under the Human Rights Law.  Alternatively, said Defendants are "aiders and abettors" pursuant to N.Y. Exec. Law § 296(6) and therefore their discrimination and/or retaliation is unlawful.

~~98~~90.  Said Defendants violated rights guaranteed to the Plaintiff under the Human Rights Law in that they subjected or aided and abetted others in subjecting Plaintiff to disparate treatment and discrimination in matters relating to her employment because of her opposition to discrimination and her participation in the Human Rights Law processes.

~~99~~91.  Plaintiff has sustained damages by reason of the Defendants' wrongful actions and

omissions and is entitled to compensation therefor.

**AS AND FOR A ~~FOURTEENTH~~TENTH CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS COUNTY OF ONONDAGA, CONWAY; CASSALIA; TRASK; JONATHAN SEEBER; KELLY SEEBER; DeMARI; CURRY-CLARRY; SMITH; PELLIZZARI; AND DOES FOR RETALIATION IN VIOLATION OF 42 U.S.C. § 1981**

~~100~~92.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through ~~99~~91 above.

~~101~~93.  By engaging in the foregoing conduct, Defendants violated rights guaranteed to the Plaintiff under 42 U.S.C. § 1981 in that Plaintiff was retaliated against for opposing discrimination based on race.

~~102~~94.  Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A ~~FIFTEENTH~~ELEVENTH CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS DEFENDANTS COUNTY OF ONONDAGA, CONWAY; CASSALIA;  TRASK; JONATHAN SEEBER; KELLY SEEBER; DeMARI; CURRY-CLARRY; SMITH;  PELLIZZARI;  AND DOES FOR RETALIATION**

~~103~~95.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through ~~102~~94 above.

~~104~~96.  By engaging in the foregoing conduct, Defendants violated rights guaranteed to the Plaintiff under the First Amendment to the United States Constitution in that Plaintiff was retaliated against for opposing discrimination in public employment and expression on matters of

public concern.

~~105~~97.  Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A ~~SIXTEENTH~~TWELFTH CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS DEFENDANTS COUNTY OF ONONDAGA, CONWAY; CASSALIA;  TRASK; JONATHAN SEEBER; KELLY SEEBER; DeMARI; CURRY-CLARRY; SMITH;  PELLIZZARI;  AND DOES FOR RETALIATION**

~~106~~98.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through ~~105~~97 above.

~~107~~99.  By engaging in the foregoing conduct, Defendants violated rights guaranteed to the Plaintiff under the Fourteenth Amendment to the United States Constitution in that Plaintiff was retaliated against because of her opposition to race/gender discrimination and retaliation.

~~108.  Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.~~

~~AS AND FOR A SEVENTEENTH CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE NEW YORK CONSTITUTION ARTICLE I, § 8 AGAINST DEFENDANTS COUNTY OF ONONDAGA, CONWAY; CASSALIA; TRASK; JONATHAN SEEBER; KELLY SEEBER; DeMARI; CURRY-CLARRY; SMITH;  PELLIZZARI; AND DOES~~

~~109.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraph 1 through 108 above.~~

~~110.  Defendants, through acts of omission or commission, violated Plaintiff's right to~~

~~free speech, pursuant to Article I, § 8 of the Constitution of the State of New York in that~~

~~Plaintiff was retaliated against for opposing discrimination in public employment and expression~~

~~on matters of public concern.~~

~~111~~100.  Plaintiff sustained damages by reason of the Defendants' wrongful actions and

omissions and is entitled to compensation therefor.

**AS AND FOR AN ~~EIGHTEENTH~~THIRTEENTH CAUSE OF ACTION FOR INTENTIONAL AND/OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS TRASK; JONATHAN SEEBER; KELLY SEEBER; DeMARI; CURRY-CLARRY; SMITH;  PELLIZZARI AND DOES**

~~112~~101.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs

1 through ~~111~~100 above.

~~113~~102.  Defendants engaged in extreme and outrageous conduct as demonstrated

by their actions set forth above.

~~114~~103.  Upon information and belief, Defendants intended to cause Plaintiff severe

emotional distress.  Alternatively, Defendants disregarded a substantial probability that their

conduct would cause severe emotional distress.

~~115~~104.  As a direct and proximate result of Defendants' extreme and outrageous

conduct, Plaintiff has suffered severe emotional distress for which she has sought and received

medical treatment, including hospitalizations, and is entitled to compensation therefor.

**AS AND FOR A ~~NINETEENTH~~FOURTEENTH CAUSE OF ACTION AGAINST DEFENDANTS TRASK;  JONATHAN  SEEBER;  KELLY SEEBER; DeMARI; CURRY-CLARRY; SMITH; PELLIZZARI; GONZALEZ; AND DOES  FOR**

**TORTIOUS INTERFERENCE**

~~116~~105.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through ~~115~~104 above.

~~117~~106.  By their aforementioned actions and omissions, Defendants intentionally interfered with Plaintiff's employment with the County of Onondaga and the Collective Bargaining Agreement (CBA) between Defendant County and the Onondaga County Sheriff's Department Association.

~~118~~, to which Plaintiff is a third-party beneficiary.

107.  The CBA provides, *inter alia*, that "the County and the Association agree that neither party will discriminate in a manner contrary to law with regard to the application of the terms and conditions of this Agreement." Said agreement governs work assignments, employee investigations, discipline, grievances, and benefits. Defendants tortiously interfered with Plaintiff's employment and the CBA by their conduct as alleged herein. At all times Defendants were motivated by malice, discrimination, and/or retaliation.

108.  As a result, Plaintiff sustained damages as aforementioned.

**AS AND FOR A ~~TWENTIETH~~FIFTEENTH
CAUSE OF ACTION AGAINST DEFENDANTS
TRASK; JONATHAN SEEBER; KELLY
SEEBER; DeMARI; CURRY-CLARRY; SMITH;
PELLIZZARI; GONZALEZ; AND DOES FOR
*PRIMA FACIE* TORT**

~~119~~109.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through ~~118~~108 with the same force and effect as if set forth fully herein.

~~120~~110.  Defendants intended to inflict harm upon the pecuniary interests of the Plaintiff by engaging in the aforementioned actions and omissions.

121111.  Defendants had no legal justification or excuse to act in such manner and; their actions and/or omissions were motivated solely by malice and, as such, were unlawful.

122112.  The aforesaid acts and/or omissions of Defendants were intended to cause harm and injury to Plaintiff and, as a result, Plaintiff has suffered damages in the form of denial of wages and benefits and is entitled to recover for those injuries and damages.

**WHEREFORE**, the Plaintiff seeks judgment against the Defendants, jointly and severally, as follows:

a.  an Order enjoining the Defendants from further violating Plaintiff's rights and providing the following injunctive relief:

1.  Order Defendants to elevate Plaintiff to the Sergeant's position and reimburse her for lost pay and benefits;

2. Require the Defendants to review and correct all unconstitutional and discriminatory treatment and conduct within the Onondaga County Sheriff's Department;

3. Provide equal training, opportunities, terms, benefits, and pay to Black and female employees in the Onondaga County Sheriff's Department;

4. Mandate training and educational programs for employees about discrimination and retaliation; and

5. Require annual reports demonstrating efforts and success at compliance in providing a discrimination and retaliation-free workplace.

b.  compensatory damages in an amount to be determined at trial (said amount exceeding the jurisdiction of all lower courts);

   c.  punitive damages as against the individuals in an amount to be determined at

trial (said amount exceeding the jurisdiction of all lower courts);

   d.  attorneys' fees, costs and disbursements of this action; and

   e.  such other and further relief the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated: ~~May 13~~July 07, 2021

        _____

        A.J. Bosman, Esq.
        Robert Strum, Esq.
        Bosman Law, L.L.C.
        *Attorneys for Plaintiff*
        Office and Post Office Address:
        3000 McConnellsville Road
        Blossvale, New York 13308
        Telephone: (315) 820-4417