UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
KAMILLA S. PECK,

                    Plaintiff,

       -v-                                          5:21-CV-651

COUNTY OF ONONDAGA, NEW YORK;
EUGENE CONWAY, Onondaga County
Sheriff; JASON CASSALIA,
Undersheriff; KATHERINE TRASK,
Chief; JONATHAN SEEBER, Sergeant;
KELLY SEEBER, Deputy; SUSAN
DeMARI, Chief Deputy; DAWN
CURRY-CLARRY, Director of Employee
Relations; PAUL SMITH, Human
Resources Manager; PAULA
PELLIZZARI, Captain; ESTEBAN
GONZALEZ, Chief,
JOHN DOE(S), and JANE DOE(S),
all in their individual and official
capacities as representatives of
Onondaga County and/or the Onondaga
County Sheriff's Office,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                          OF COUNSEL:

BOSMAN LAW FIRM, LLC                  AJ BOSMAN, ESQ.
Attorneys for Plaintiff               ROBERT JAMES STRUM, ESQ.
3000 McConnellsville Road
Blossvale, New York 13308

BOLAÑOS LOWE PLLC                     KYLE W. STURGESS, ESQ.
Attorneys for Defendants
11 Schoen Place, Fifth Floor
Pittsford, New York 14534

DAVID N. HURD
United States District Judge

## **MEMORANDUM-DECISION and ORDER**

On May 13, 2021, plaintiff Kamilla Peck ("Peck" or "plaintiff") filed a

complaint alleging race, gender, and religious discrimination against her in

the course of her work for the Onondaga County Sheriff's Office (the "Sheriff's

Office").[1]  Plaintiff raised those claims against the County of Onondaga (the

"County") and several of the Sheriff's Office's employees ("defendants").

Initially, the complaint stated twenty claims, but plaintiff voluntarily

relinquished five of them when faced with defendants' motion to dismiss

under Federal Rule of Civil Procedure ("Rule") 12(b)(6), filed on June 9, 2021.

Peck's voluntary dismissals left fifteen counts standing: (I) discrimination

based on race and gender in violation of Title VII of the Civil Rights Act of

1963 ("Title VII") against the County; (II) race and gender discrimination

under the New York State Human Rights Law ("NYSHRL") against the

County; (III) NYSHRL race and gender discrimination against the individual

defendants; (IV) race discrimination against all defendants under

42 U.S.C. § 1981 ("§ 1981"); (V) race and gender discrimination in violation of

the Equal Protection Clause of the Fourteenth Amendment against all

defendants under 42 U.S.C. § 1983 ("§ 1983"); (VI) conspiracy to discriminate

---

[1] This Court laid out the relevant facts in this case more fully in its memorandum-decision and order dated August 19, 2021.  The parties' familiarity with those facts is presumed.

based on race and gender in violation of § 1983 against all defendants;
(VII) Title VII retaliation against the County; (VIII) NYSHRL retaliation
against the County; (IX) NYSHRL retaliation against the individual
defendants; (X) retaliation against all defendants under § 1981;
(XI) retaliation in violation of the First Amendment against all defendants
under § 1983; (XII) retaliation in violation of the Fourteenth Amendment
against all defendants under § 1983; (XIII) intentional infliction of emotional
distress against several individual defendants; (XIV) tortious interference
with her contractual rights to be free from discrimination under a collective
bargaining agreement against several individual defendants; and (XV) *prima
facie* tort against several individual defendants.

On August 20, 2021, the Court issued a memorandum-decision and order
striking several claims from Peck's amended complaint (the "August 20
decision").  In that decision's aftermath, nine claims remained, memorialized
in plaintiff's Amended Complaint as: (I) Title VII race discrimination against
the County; (II) NYSHRL race discrimination against the County;
(III) NYSHRL race discrimination against the individual defendants;
(IV) § 1983 race discrimination; (V) Title VII retaliation against the County;
(VI) NYSHRL retaliation against the County; (VII) NYSHRL retaliation
against the individual defendants; (VIII) First Amendment § 1983
retaliation; and (IX) Equal Protection § 1983 retaliation.

3

On September 3, 2021, Peck moved the Court to reconsider its August 20, 2021 memorandum-decision and order.  Specifically, plaintiff objects to the Court's dismissal of her complaint's claims under § 1981.  Defendants duly opposed plaintiff's motion.  This decision follows.

A movant faces a "strict" standard on a motion for reconsideration. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  That high bar is intended to prevent parties from chasing rehearing on the merits to levy facts and arguments that were available to them from the outset but that they neglected to use to their advantage.  *See id.*  That is to say, motions for reconsideration are an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Montblanc-Simplo GmbH v. Colibri Corp.*, 739 F. Supp. 2d 143, 147 (E.D.N.Y. 2010).

Thus, a prior ruling will only be reconsidered and vacated if:  (1) the law has changed since that ruling was first issued; (2) new evidence not previously available comes to light; or (3) reconsideration is necessary to remedy a clear error of law or to prevent manifest injustice.  *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. N.Y.C. Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983), *cert. denied*, 464 U.S. 864).

The August 20 decision dismissed Peck's § 1981 claims because the Second Circuit held in *Duplan v. City of New York* that § 1983 is the only path to

4

remedy for claims of racial discrimination against defendants operating under color of state law.  888 F.3d 612, 621 (2d Cir. 2018).  Because the County and all its employees are inarguably state actors, the Court considered itself bound to dismiss her § 1981 claims.

Peck disagrees, and advances two reasons that in her mind justify the Court's departure from this seemingly straightforward and binding precedent.  First, plaintiff argues that her complaint attempted to bring not a freestanding § 1981 claim, but a claim under § 1983 to vindicate her rights under § 1981.  To her point, § 1983 does allow a plaintiff to vindicate a right secured by the Constitution *and* the laws of the United States.  *See Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004).

But the entire upshot of the Second Circuit's holding in *Duplan* was that § 1983 on its own "already provides a remedy against state actors, [and so] there is no reason to infer from the rights-conferring language of § 1981(c) that it creates an additional, and duplicative, remedy."  888 F.3d at 620-21. Peck's proposed theory of recovery for her § 1981 rights under § 1983 is thus functionally no different from her § 1983 claim, and the Court sees no benefit to reimposing it.

The only case decided after *Duplan* that Peck cites for the opposite conclusion does not change the Court's analysis.  In *Parks v. Buffalo City Sch. Dist.*, the Western District allowed a § 1981 claim to proceed past the

5

motion to dismiss stage.  2020 WL 2079320, at *7-10

(W.D.N.Y. Apr. 30, 2020).  The problem with plaintiff's reliance on this case,

though, is that the Western District made no mention of *Duplan* at all during

its discussion of its plaintiff's § 1981 claims.  *Id.*  Far from suggesting to the

Court that there is some hidden defect in its own interpretation of *Duplan*'s

plain language, it seemsmore likely that the parties simply failed to apprise

the Western District in *Parks* of *Duplan*'s import.  *See generally id.*, *passim*.

Second, Peck argues that it is too soon to dismiss her § 1981 claims

because it is possible that defendants may argue that some or all of them

were not acting under color of state law when they subjected her to alleged

discriminatory conduct.

However, defendants have not made those arguments as of yet, and there

is no obligation to permit Peck to state a cause of action that is entirely

dependent on a hypothetical argument that defendants may make down the

road.  In the extremely unlikely event that defendants take that novel

argumentative tack and discovery bears out its validity, plaintiff may move to

6

amend her complaint to reintroduce claims under § 1981.[2]  For now, however,

there is no reason to resuscitate plaintiff's § 1981 claims.

Accordingly, Peck has pointed to no infirmity in the August 20 decision

worthy of reconsideration.  Her § 1981 claims must remain dismissed.  *See,*

*e.g.*, *Smalls v. Collins*, --- F.4th ----, 2021 WL 3700194, at *17

(2d Cir. Aug. 20, 2021) (affirming dismissal of § 1981 claims against police

officers and department under *Duplan*'s reasoning).

Therefore, it is

ORDERED that

Plaintiff Kamilla Peck's motion to reconsider this Court's August 20, 2021

Memorandum-Decision and Order is DENIED.

IT IS SO ORDERED.

---

[2] The Court is dubious that this would ever come to pass for three reasons.  First, plaintiff's attempted § 1981 claim entirely turns on workplace abuses: both retaliation and discrimination claims under those statutes require an adverse employment action.  *See Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012) (noting that plaintiff must prove adverse employment action under § 1981 discrimination claim); *Postell v. Rochester City Sch. Dist.*, 136 F. Supp. 3d 492, 500 (W.D.N.Y. 2015) (same for retaliation).  If defendants were to argue that they were not acting under color of state law, it is difficult to imagine how plaintiff could establish an adverse employment action when the scope of defendants' employment is tied to their status as state actors.  Defendants would thus be better off arguing that they simply did not subject plaintiff to an adverse action rather than taking the circuitous route of denying state action.  Second, even assuming that defendants could disprove that they were not acting under color of state law without disproving that they subjected plaintiff to an adverse employment action, that line of argument would not materially benefit defendants' litigative position.  Instead, they would simply be trading plaintiff's § 1983 claim for a "duplicative" § 1981 claim, making the entire exercise pointless.  *See Duplan*, 888 F.3d at 621 (noting that § 1981 is duplicative remedy to § 1983 as against state actors).  Third, defendants have answered the complaint since plaintiff filed the present motion and did not raise a lack of state action as an affirmative defense.

Dated:  September 27, 2021
        Utica, New York.

David N. Hurd
U.S. District Judge