October 28, 2022



**VIA CM/ECF FILING**

Hon. Thérèse Wiley Dancks
United States Magistrate Judge
Northern District of New York
100 South Clinton Street
Syracuse, New York 13261

    **Re:**    <u>**Kamilla Peck v. County of Onondaga et al.**</u>
              **NDNY Civ. No. 21-cv-0651**

Dear Judge Dancks,

    The undersigned represents the County of Onondaga and nine individual Defendants (collectively herein with the County, the "Defendants") in the above-captioned employment and §1983 action. I write in response to the Court's October 26, 2022 Text Order directing a response to the matter of Plaintiff's renewed request for disclosure of materials sought in the Plaintiff's Third Request for Production: *viz*., emails and attachments recovered during a search of former OCSO Grants Manager Deputy Isaac Eames' email account. (<u>See generally</u> Dkt. Nos. 47-1, 63 and 64.)

    By way of brief background: Onondaga County IT personnel performed the aforementioned search of Deputy Eames' emails seeking Equal Employment Opportunity Program (EEOP) reports, and updates, which contain, *inter alia*, demographic workforce data and targets for purposes of federal grant compliance. As Defendants reported to the Plaintiff (quoted in the Plaintiff's Third Request), a keyword search did not yield this demographic data itself, but rather communications and grant materials that referred to EEOP requirements (for example, letters of understanding issued by granting agencies, that reiterated the grantee's EEOP compliance requirements).

    Defendants adhere to their position that the search results should not be ordered disclosed, for two primary reasons. First, insofar as the actual grants received by the County do not appear to give rise to the Plaintiff's own claims (for example, Plaintiff does not claim that decision-making related to her employment was influenced by the spending associated with a particular program grant), the materials uncovered by the search are simply irrelevant to the issues in the instant action. Plaintiff's demand for EEOP-related data presumably stemmed from the theory that the numerical data would demonstrate hiring or promotional disparities among and between certain groups. Absent the actual *data*, however, the

Hon. Therese Wiley Dancks
October 28, 2022

remainder of the materials associated with grant application and receipt are of no probative value.

Second, there are alternate sources for substantially the same data, already in Plaintiff's possession. Defendants have already disclosed the County's EEO4 ("Equal Employment Opportunity Commission State and Local Government Information" report) forms from 2013-2021, which analyze the County's workforce demographics; as well as Local Assistance MWBE Equal Employment Opportunity Staffing Plan reports filed with the state's Division of Criminal Justice Services between 2015 and 2021, analyzing the Sheriff's Office workforce demographics. (Two more such forms were discovered and disclosed to Plaintiff following a search of the County's past grant applications in federal and state online application portals.) The Plaintiff likewise acquired Division of Criminal Justice Services "Agency Personnel Report" forms for the OCSO for the years 2015-2021—showing the demographic breakdown by race, gender, and ethnicity of the OCSO—and used the same during depositions of several individual Defendants.

In short, it does not appear that the materials sought by the Plaintiff's Third Request would furnish anything of probative value above and beyond what has already been disclosed to (or otherwise acquired by) the Plaintiff. The Defendants are certainly willing to furnish the results of the Eames email search to the Court for an *in camera* review, to the extent that such a review might help resolve the dispute. See Woodward v. Afify, 2017 WL 279555, at *5 (W.D.N.Y. 2017) (using *in camera* review to assess relevance of materials in requested personnel files).

I thank the Court for its time and consideration in this matter. Please feel free to contact the undersigned with any questions or concerns regarding this report.

Respectfully submitted,

/s/ *Kyle W. Sturgess*

Kyle W. Sturgess
Bar Roll No. 302888

cc:   A.J. Bosman, Esq.   (*via CM/ECF*)
    Robert Strum, Esq.
    BOSMAN LAW LLC
    *Attorneys for Plaintiff*
    3000 McConnellsville Road
    Blossvale, New York 13308