UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KAMILLA S. PECK,

        Plaintiff,

    -v-                     5:21-CV-651

COUNTY OF ONONDAGA, NEW
YORK, EUGENE CONWAY,
KATHERINE TRASK, JONATHAN
SEEBER, KELLY SEEBER, SUSAN
DEMARI, DAWN CURRY-CLARRY,
PAUL SMITH, PAULA PELLIZZARI,
ESTEBAN GONZALEZ, JOHN
DOE(S), and JANE DOE(S),

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| BOSMAN LAW FIRM, LLC<br>Attorneys for Plaintiff<br>3000 McConnellsville Road<br>Blossvale, NY 13308 | AJ BOSMAN, ESQ.<br>ROBERT J. STRUM, ESQ. |
| BOLANOS LOWE PLLC<br>Attorneys for Defendants<br>16 South Main Street<br>Pittsford, NY 14534 | KYLE W. STURGESS, ESQ. |
| MCCARTIN & MCCARTIN LAW PLLC<br>Attorneys for Defendants<br>38 Mall Way #513<br>West Sand Lake, NY 12196 | MICHAEL G. MCCARTIN, ESQ. |

DAVID N. HURD
United States District Judge

## ORDER ON MOTIONS *IN LIMINE*

### I. INTRODUCTION

This case is set for a jury trial on Monday, May 20, 2024 at 9:30 a.m. in Utica, New York.  In advance of trial, defendants have moved *in limine* to: (1) exclude certain evidence and arguments; (2) dismiss Esteban Gonzalez, Kelly Seeber, Dawn Curry-Clarry, and Paul Smith as named defendants; (3) introduce evidence of plaintiff's working relationship with certain named defendants; and (4) preclude plaintiff from stating to the jury a specific dollar amount of her damages.  Dkt. No. 104.  Plaintiff, for her part, has also moved *in limine* to exclude evidence and arguments.  Dkt. No. 113.  The motions have been briefed.  Dkt. Nos. 114, 117.

### II. LEGAL STANDARD

A party may seek a ruling on the admissibility of certain anticipated evidence by filing a motion *in limine*.[1]  *Walker v. Schult*, 365 F. Supp. 3d 266, 275 (N.D.N.Y. 2019) (explaining the "term is used in the broad sense to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered").  "Evidence

---

[1] A party may also move *in limine* for a ruling on the permissibility at trial of an anticipated line of argument.  3 Moore's Federal Practice § 16.77(4)(d)(ii).

- 2 -

should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Walker*, 365 F. Supp. 3d at 275 (cleaned up). "The movant has the burden of establishing that the evidence is not admissible for any purpose." *Id*. "The trial judge may reserve judgment on a motion *in limine* until trial to ensure the motion is considered in the proper factual context." *Id*. Finally, "[t]he court's ruling regarding a motion *in limine* is subject to change when the case unfolds." *Id*.

## III. <u>DISCUSSION</u>

Before turning to the merits of the parties' motions *in limine*, there are a couple of matters to address. First, plaintiff's claims against the John and Jane Does must be dismissed because these defendants were not identified or served before the close of discovery. *See, e.g.*, *Malarczyk v. Lovgren*, 2022 WL 374271, at *3 (N.D.N.Y. Feb. 8, 2022). Second, plaintiff's official-capacity claims against the individual defendants must be dismissed because they are duplicative of her claims against the County itself. *See, e.g.*, *Dudek v. Nassau County Sheriff's Dep't*, 991 F. Supp. 2d 402, 413 (E.D.N.Y. 2013).

### A. <u>Motions in Limine</u>

Upon review of the parties' briefing in light of the governing evidentiary standards, it is

ORDERED that

Defendants' motion *in limine* (Dkt. No. 104) is GRANTED in part and DENIED in part as follows:

1. Defendants' motion to preclude plaintiff from presenting evidence or allegations and claims that were dismissed on summary judgment, including alleged retaliatory actions that this Court has already ruled on, is GRANTED in part and DENIED in part[2] such that:

- As stated in previous Orders, plaintiff's proof of retaliation is limited to the Internal Affairs investigation and the subsequent supervisor's memorandum;

- Plaintiff is prohibited from arguing that other acts amounted to retaliation under the governing law;

- Plaintiff is permitted to introduce limited background information of discrimination relating to her retaliation claims;

2. Defendants' motion *in limine* to dismiss Esteban Gonzalez, Kelly Seeber, Dawn Curry-Clarry, and Paul Smith as defendants is DENIED as procedurally improper without prejudice to renew at the close of plaintiff's proof, if appropriate;

3. Defendants' motion to introduce evidence of plaintiff's friendly working relationship with defendants Katherine Trask, Jonathan Seeber, and Kelly

---

[2] The Court will entertain objections if plaintiff exceeds this mandate.

Seeber is GRANTED, limited to the laying of an appropriate foundation, in particular the evidence consisting of:

-The March 13, 2020 text message from plaintiff to Jonathan Seeber;

-The two notes from plaintiff to Kelly Seeber;

-The June 11, 2020 video recording;

4. Defendants' motion to admit into evidence twenty other counseling memoranda is DENIED insofar as those memoranda were issued *before* the supervisor's memo connected to the Internal Affairs investigation;

5. Defendants' motion to exclude other extraneous and irrelevant material is GRANTED such that the following items are excluded:

-The N.Y.S. Division of Criminal Justice Services report with statistical data concerning racial breakdowns of the Onondaga Sheriff's Office, as well as statistics on the race of the County's population and arrestees;

-The suicide death of former Deputy Isaac Eames;

6. Defendants' motion to preclude plaintiff from suggesting to the jury a specific dollar amount for damages is DENIED;

Plaintiff's motion *in limine* (Dkt. No. 113) is GRANTED as follows:

7. Plaintiff's motion to preclude evidence or mention of the arbitration decision in connection with her New York General Municipal Law § 207-c determinations is GRANTED subject to modification if plaintiff opens the door to testimony or evidence concerning the arbitration decision;

8.  Plaintiff's motion to exclude evidence or mention of performance issues or memoranda critical of her performance pre-dating her assignment to the Community Services Division is GRANTED subject to modification if plaintiff opens the door to testimony or evidence relating to the effect the supervisor's memorandum in connection with the Internal Affairs investigation had on her person;

9.  Plaintiff's motion to exclude evidence or mention of Union grievances or decisions is GRANTED subject to modification if plaintiff opens the door to testimony or evidence concerning Union grievances or decisions; and

10.  The Clerk of the Court is directed to terminate the Does and the official-capacity claims from the docket.

IT IS SO ORDERED.

Dated: May 10, 2024
       Utica, New York.

David N. Hurd
U.S. District Judge